RAMON & DOLORES PORTILLO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Portillo v. Commissioner
Docket No. 6011-88
United States Tax Court
T.C. Memo 1992-99; 1992 Tax Ct. Memo LEXIS 98; 63 T.C.M. (CCH) 2115; T.C.M. (RIA) 92099; February 19, 1992, Filed *98 David P. Leeper, for petitioners. William R. Leighton and Lewis J. Hubbard, for respondent. FAY
FAY
MEMORANDUM OPINION FAY, Judge: On February 13, 1990, this Court issued its opinion in Portillo v. Commissioner, T.C. Memo. 1990-68, [1] in which we held that: (1) Petitioner Ramon Portillo (petitioner) in 1984 received unreported income from his job as a painting subcontractor in the amount of $ 21,380 from Mike Navarro (Navarro), a contractor; (2) petitioners overstated Schedule C deductions for cost of goods sold in 1984 in the amount of $ 7,462; (3) petitioners were liable for additions to tax under sections [2] 6653(a)(1), 6653(a)(2), and 6661(a) for the 1984 taxable year; (4) petitioner Dolores qualified as an "innocent spouse" under the provisions of section 6013(e). On June 11, 1991, the United States Court of Appeals for the Fifth Circuit reversed this Court's opinion with regard to the unreported income issue and affirmed all the remaining issues decided in the opinion. [3]The Fifth Circuit remanded for further proceedings in accordance with their opinion of June 11, 1991. The issue before us is whether petitioners are entitled to litigation *99 costs under section 7430. For reasons stated below, we hold that petitioners have failed to establish that the position of the Internal Revenue Service (IRS) was not substantially justified regarding the omitted income issue. *100 Petitioners, the moving parties herein, did not request a hearing on their motion for litigation costs. Respondent, in his response to petitioners' motion, indicated that a hearing would not be required. Accordingly, there being no allegation of a bona fide factual dispute, we proceed to decide this motion based on the written submissions by the parties without hearing. Rule 232(a)(3). The issue for decision is whether petitioner is entitled to recover its litigation costs pursuant to section 7430. Under that section, in order for petitioner to be entitled to recover his litigation costs against the United States, petitioner must establish that: (1) The position of the United States was not substantially justified, sec. 7430(c)(2)(A)(i); (2) petitioner substantially prevailed with respect to the amount in controversy, or with respect to the most significant issue or set of issues presented, sec. 7430(c)(2)(A)(ii); (3) petitioner's net worth satisfies the requirements of section 504(b)(1)(B) of title 5, United States Code (1982), sec. 7430(c)(2)(A)(iii); (4) petitioner exhausted the administrative remedies available to him within the Internal Revenue Service, sec. 7430(b)(1); *101 and (5) the litigation costs sought to be recovered are reasonable and are allocable only to the United States, sec. 7430(b)(2). All of these conjunctive requirements must be established by petitioners for their litigation costs to be awarded. Sher v. Commissioner, 89 T.C. 79 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Petitioners assert that they have established all of the above requirements. Respondent concedes that petitioners have established requirements numbered 2 and 3 above, and we accept such concession. Respondent does contend, however, that petitioners have not established requirements numbered 1, 4, and 5 above. Because we find that petitioners have not established requirement numbered 1 above, i.e., that the position of the United States was not substantially justified, we need not express an opinion as to requirements numbered 4 and 5. Petitioners bear the burden of proving that respondent's position is not substantially justified. Rule 232(e); Hubbard v. Commissioner, 89 T.C. 792, 798 (1987). The test of whether respondent's position was substantially justified is a test of reasonableness. Sher v. Commissioner, 89 T.C. 79, 84 (1987), *102 affd. 861 F.2d 131 (5th Cir. 1988). In order to determine whether or not respondent's position was reasonable, we must first determine the relevant period when respondent's position was established. The civil proceeding was commenced on March 28, 1988, and, therefore, section 7430(c)(4)[4] is applicable. The position of the United States is the position taken by respondent in the civil proceeding (sec. 7430(c)(4)(A)), and any administrative action or inaction by the District Counsel upon which the proceeding is based (sec. 7430(c)(4)(B)). *103 In this case, respondent, through an agent (the agent), knew that Navarro issued a Form 1099 to petitioner reporting payments to petitioner of $ 35,305 for painting services rendered during 1984. Petitioner, however, reported only $ 10,800 as received from Navarro on his 1984 income tax return. Petitioner conceded that he had received additional payments by check from Navarro which he had failed to report on his 1984 income tax return in the amount of $ 3,125. Thus, petitioner acknowledged total receipts by checks from Navarro totaling $ 13,925 ($ 10,800 + $ 3,125). Petitioner attributed his failure to report check payments from Navarro in 1984 as mere forgetfulness. Although petitioner admitted that he inadvertently neglected to report $ 3,125 in income from Navarro, petitioner denied receiving any more than $ 13,925. At the time of the audit, petitioner could not produce any records or receipts concerning his gross receipts for 1984 because his records had been stolen from his truck. In addition, petitioner did not maintain a bank account during 1984 and conducted his business affairs in cash. Based on the discrepancy in the amount between Navarro's 1099 and petitioners' *104 1984 income tax return, the agent concluded that petitioners had not reported cash income received from Navarro. The agent contacted Navarro who could produce copies of checks paid to petitioner in the amount of $ 13,925 but could not produce any records of additional cash payments to petitioner. Navarro also stated that petitioner had requested cash payments from Navarro in addition to payment by check. The agent later used an indirect method of reconstructing petitioner's income and made an adjustment to incorporate the additional amount into petitioner's income for the year. An IRS reviewer (the reviewer), analyzed the agent's report. The reviewer did not believe the indirect method of confirming the income supported the agent's adjustment. The reviewer believed that there appeared to be several ways to follow up to check if petitioner could have received the cash, and the reviewer recommended that the agent check Navarro's tax return. The agent replied by stating that it was petitioner's burden to prove that he did not get the payments. The IRS subsequently issued a statutory notice of deficiency for Federal income taxes of $ 8,473 for the taxable year 1984, plus additions *105 under sections 6653(a)(1), (a)(2), and 6661(a). Based on the above facts known to respondent, we do not find respondent's position to have been unreasonable during the relevant period. First, as a factual matter, respondent attributed more weight to Navarro's statements and Form 1099 than he did to petitioner's contentions. This clearly was a judgment with respect to the credibility of the people involved which we do not find unreasonable. [5]
Respondent also asserts that the position taken in the notice of deficiency had a reasonable basis in law. As a general rule, the Tax Court will *106 not look behind a notice of deficiency to examine the evidence used or the propriety of the Commissioner's motives or administrative policy or procedure in making the determination. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-328 (1974). There is an exception to the general rule in cases involving unreported illegal income where respondent introduces no substantive evidence but rests on the presumption of correctness and petitioner challenges the notice of deficiency on the grounds that it is arbitrary. Under this exception, a court must not give effect to the presumption of correctness in a case involving unreported illegal income if respondent does not present substantive evidence linking petitioner with the tax-generating activity. United States v. Janis, 428 U.S. 433, 441-442 (1976); Suarez v. United States, 582 F.2d 1007, 1010 n.3 (5th Cir. 1978); Carson v. United States, 560 F.2d 693, 696-698 (5th Cir. 1977). In this case, while not involving illegal income, some evidence of the necessary link between petitioner and the alleged income appears to have been found to exist by *107 the Fifth Circuit. [6] While the Fifth Circuit ultimately held that respondent's audit was inadequate and that additional work should have been done, we cannot conclude that respondent's position was unreasonable as a matter of law. Although the Court of Appeals for the Fifth Circuit reversed this Court's holding and respondent ultimately lost with respect to the omitted income issue, such a ruling is not dispositive as to whether respondent's position was unreasonable, thus enabling petitioners to obtain litigation *108 costs. Sokol v. Commissioner, 92 T.C. 760, 767 (1989). Accordingly, we find that petitioners have not shown that respondent's position was not substantially justified at any time during the relevant period. Thus, petitioners' Motion for Award of Reasonable Litigation Costs is denied. An appropriate order will be issued. Footnotes
1. This case was heard by Special Trial Judge Gussis at El Paso, Texas, on November 17, 1988. ↩
2. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. In Portillo v. Commissioner, 932 F.2d 1128, 1134 (5th Cir. 1991), the Court held: In summary, we find that the Tax Court had jurisdiction to consider this case because the Commissioner did issue a valid deficiency notice. However, since the Commissioner failed to substantiate his charge that Portillo received cash payments from Navarro, the deficiency determination is clearly arbitrary and erroneous. Therefore, the judgment below regarding unreported income must be reversed.↩
4. Section 7430 became effective for cases begun after February 28, 1983. The section was amended by section 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752, which amendments apply to amounts paid after September 30, 1986, in proceedings commenced after December 31, 1985. Since this case commenced March 28, 1988 (the date the petition was filed), the issue is subject to the provisions of section 7430↩ as modified by the Tax Reform Act of 1986.
5. This Court, which heard testimony from petitioners and Mr. Navarro, also attributed veracity to Mr. Navarro rather than to petitioners. The fact that this Court upheld respondent's position on the issue of omitted income is an important factor, although not dispositive, in determining whether respondent's position was reasonable. Huckaby v. United States Dept. of Treasury, 804 F.2d 297, 299↩ (5th Cir. 1986).
6. The U.S. Court of Appeals for the Fifth Circuit in Portillo v. Commissioner, 932 F.2d 1128, 1132 (5th Cir. 1991), stated: In contrast to Scar↩, in this case the I.R.S. did consider information directly relating to Portillo's income tax return. The I.R.S. also investigated somewhat whether a deficiency indeed existed. Therefore, this is not a case where the I.R.S. had no basis for sending the notice of deficiency; the I.R.S. did adequately link the deficiency to Portillo.