T.C. Memo. 1996-375

UNITED STATES TAX COURT

DEBORAH A. COLE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20685-94.                    Filed August 13, 1996.

Keith H. Cole, Jr., for petitioner.

Stephanie R. Jensen, for respondent.

MEMORANDUM OPINION

FOLEY, Judge:  This matter is before the Court on petitioner's Motion for Award of Reasonable Administrative and Litigation Costs and Fees under section 7430 and Rule 231.

Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the period relevant

here, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Irving, Texas, at the time the petition in this case was filed.

On or about April 15, 1992, petitioner filed her 1991 Federal income tax return. The return reported two items of income: (1) $7,700 of wages and (2) $2,427.25 of other income (with a handwritten note "MISC INCOME"). For petitioner's 1991 tax year, respondent received two Forms 1099. A Form 1099-MISC from Dr. Mark Imhoff, an individual for whom petitioner had rendered services, indicated that petitioner had been paid $4,147.50. The Form 1099-MISC reported the income as nonemployee compensation. In addition, a Form 1099-INT indicated that petitioner had been paid $12 of interest income.

On January 18, 1994, respondent mailed a 30-day letter to petitioner. The letter indicated that respondent proposed to increase petitioner's taxable income by $3,866.50 ($12 interest plus $4,147.50 nonemployee income less a $293 self-employment tax deduction). The proposed increase produced an additional tax liability of $1,163 and accrued interest of $162. The letter stated that if petitioner did not respond within 30 days, respondent would issue a notice of deficiency. The letter further stated that if petitioner did not agree with respondent's

proposed changes, petitioner should submit a signed letter of explanation and supporting documentation.

On February 15, 1994, petitioner informed respondent that she disagreed with respondent's proposed changes. On February 18, 1994, petitioner mailed respondent a letter further delineating her position. In the letter, petitioner conceded that her return should have included the interest income but disputed that her return omitted $4,147.50 of other income. Petitioner asserted that for the 1991 tax year she: (1) Did not receive a Form 1099-MISC from Dr. Imhoff; (2) estimated her income from Dr. Imhoff and reported it as $2,427.25 of miscellaneous income on her return; (3) was an employee (not an independent contractor) of Dr. Imhoff and thus received employee wages rather than self-employment income; and (4) did not owe any additional Federal Insurance Contributions Act (FICA) tax.

On April 4, 1994, respondent replied to petitioner's letter but did not address petitioner's contentions as set forth in the February 18, 1994, letter. On April 26, 1994, petitioner again wrote to respondent and requested that respondent address the positions taken by petitioner in her letter. On May 18, 1994, respondent requested information from Dr. Imhoff. Dr. Imhoff responded on June 16, 1994, by asserting, as he did on the Form 1099-MISC filed with the Internal Revenue Service (IRS), that the $4,147.50 constituted nonemployee income.

On August 9, 1994, respondent mailed petitioner a statutory notice of deficiency determining an increase of $1,163 in petitioner's 1991 tax liability.  On November 10, 1994, petitioner filed her petition with this Court, and on January 17, 1995, respondent filed her answer.

From January through early June of 1995, respondent's Appeals Office and petitioner conducted settlement discussions. On June 11, 1995, petitioner mailed respondent's Appeals Office a letter with attached copies of billing records showing that petitioner had received $2,462 from Dr. Imhoff.  The letter noted that the $2,462 amount was only $35 higher than the amount reported as miscellaneous income on the return.  Petitioner proposed that respondent concede the $35 understatement.  Also around this time, respondent obtained from Dr. Imhoff copies of checks paid to petitioner and ledgers maintained by Dr. Imhoff's office.  After June 11 but prior to July 27, 1995, respondent concluded that:  (1) The Form 1099-MISC prepared by Dr. Imhoff, which reported that petitioner had been paid $4,147.50, overstated amounts paid by $631.75; (2) the correct amount of wages from Dr. Imhoff was $3,515.75; (3) petitioner had understated income by $1,088.50 ($3,515.75-$2,427.25 of miscellaneous income reported on petitioner's return); (4) the $1,088.50 understatement resulted from petitioner's failure to report checks from Dr. Imhoff of $703.50, $350, and $35; and (5) petitioner qualified as an employee and would not be liable for

self-employment tax, but would be liable for additional FICA tax.[1]  Respondent did not immediately communicate these conclusions to petitioner.

On July 10, 1995, respondent mailed petitioner a letter encouraging petitioner to settle at the Appeals level and to provide documentation supporting her position.  On July 27, 1995, respondent mailed petitioner a letter offering a settlement and enclosed a proposed stipulation of facts for petitioner's signature or comment.  Respondent offered to concede that $631.75 of income was overreported by Dr. Imhoff and that petitioner was an employee liable for only the employee portion of FICA tax. The tax treatment of the three checks totaling $1,088.50 was not mentioned in the letter.  Respondent also did not address petitioner's contention that a portion of the alleged understatement was attributable to the $2,427.25 that petitioner had reported as miscellaneous income.

On September 27, 1995, petitioner provided respondent with wage statements for 1990.  Petitioner also explained that the $703.50 check, dated January 2, 1991, was earned in 1990.  The $703.50 was reported on petitioner's 1990 income tax return but was erroneously included on both the 1990 Form 1099-MISC and the

---

[1] This information is derived from the Appeals officer's handwritten notes.  Although the notes are undated, we find that they were written after June 11, 1995 (i.e., the date petitioner mailed information incorporated in the notes) and before July 27, 1995 (i.e., the date respondent proposed a settlement offer that incorporated calculations from the notes).

1991 Form 1099-MISC prepared by Dr. Imhoff. Petitioner offered to pay the additional income tax associated with the $350 and $35 checks as well as the employee portion of the FICA tax. The determination of the year in which the $703.50 check should be includable, however, remained in dispute.

On October 6, 1995, respondent acknowledged that petitioner had reported the $703.50 amount on her 1990 income tax return. Although respondent noted that petitioner, a cash basis taxpayer, was required to report income in the year of receipt (i.e., 1991), respondent agreed to reduce the asserted unreported income for 1991 by $703.50. Respondent did not concede that petitioner had reported $2,427.25 of the alleged understatement as miscellaneous income. On October 11, 1995, respondent changed her position and offered to concede that $2,427.25 of the alleged understatement had in fact been reported as miscellaneous income. After taking these proposed concessions into account, there remained unreported income of $385, producing an income tax deficiency of $59 and FICA tax liability of $199, plus interest.

On October 16, 1995, the parties filed with this Court a decision document and a stipulation of settled issues. The decision document stated that petitioner is liable for a deficiency of $59 in her 1991 income tax. The stipulation of settled issues stated that: (1) Petitioner agrees to pay FICA tax of $199 for 1991; (2) petitioner agrees that she is liable

for a deficiency of $59 in her 1991 income tax; (3) petitioner agrees that respondent was substantially justified in her position that petitioner received $703.50 of income in January 1991; and (4) respondent agrees that petitioner may file a claim for litigation and administrative costs.

The Court entered the agreed decision on October 30, 1995. On December 6, 1995, petitioner filed her Motion for Award of Reasonable Administrative and Litigation Costs and Fees, and the Court ordered for cause that the October 30, 1995, decision be vacated.

## Discussion

Section 7430(a) provides that a party that has prevailed in a Tax Court proceeding may recover reasonable administrative and litigation costs and fees. The Court will award administrative and litigation costs only if petitioner establishes that: (1) She has exhausted her administrative remedies (applicable to litigation costs only); (2) she has "substantially prevailed" in the controversy; (3) she satisfies certain net worth requirements; (4) the position of the United States was not substantially justified; (5) she has not unreasonably protracted the administrative or Court proceedings; and (6) the amount of costs sought is reasonable. Sec. 7430. Petitioner bears the burden of proving that she meets each of these requirements. Rule 232(e); Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993). Her failure to establish any one of the

requirements will preclude an award of costs.  <u>Minahan v. Commissioner</u>, 88 T.C. 492, 497 (1987).  For the reasons discussed below, we conclude that petitioner is entitled to recover administrative and litigation costs.

Respondent has conceded that petitioner has substantially prevailed and that she meets the net worth requirement.  We address the remaining requirements of section 7430 in turn.

I.    <u>Substantial Justification</u>

Respondent's position is substantially justified if the position was justified to a degree that would satisfy a reasonable person.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988); <u>Lenox v. Commissioner</u>, 998 F.2d 244, 248 (5th Cir. 1993), revg. in part T.C. Memo. 1992-382.  To meet this standard, respondent's position must have a basis in fact and law.  <u>Pierce v. Underwood</u>, <u>supra</u>; <u>Lenox v. Commissioner</u>, <u>supra</u>.

To recover administrative and litigation costs, petitioner must prove that respondent's positions in both the administrative proceeding and the proceeding in this Court were not substantially justified.  Sec. 7430(c)(4)(A)(i), (7)(A) and (B); <u>Huffman v. Commissioner</u>, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part, revg. in part on other grounds and remanding T.C. Memo. 1991-144; <u>Stieha v. Commissioner</u>, 89 T.C. 784, 790 n.5 (1987).  This "not substantially justified" standard under section 7430 is applied as of the separate dates respondent took positions in the administrative proceeding and the

proceeding in this Court.  Sec. 7430(c)(7)(A) and (B); <u>Huffman v. Commissioner</u>, <u>supra</u> at 1143-1147; see also <u>Caparaso v. Commissioner</u>, T.C. Memo. 1993-255.  For purposes of the administrative proceeding, respondent took a position on August 9, 1994, the date of the notice of deficiency.  Sec. 7430(c)(7)(B).  For purposes of the proceeding in this Court, respondent took a position on January 17, 1995, the date she filed her answer.  <u>Huffman v. Commissioner</u>, <u>supra</u> at 1148.

Petitioner contends that respondent's position was not justified when taken.  Respondent counters that her position was substantially justified.  We agree with petitioner.

Under <u>Golsen v. Commissioner</u>, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we are obligated to follow the law as stated by the Court of Appeals in the circuit to which this case is appealable.  We thus consider whether respondent was substantially justified pursuant to precedent established by the U.S. Court of Appeals for the Fifth Circuit.

In <u>Portillo v. Commissioner</u>, 932 F.2d 1128 (5th Cir. 1991) (Portillo I), affg. in part and revg. in part T.C. Memo. 1990-68, the taxpayer, a self-employed painting subcontractor, had filed a Federal income tax return reporting that $10,800 of income had been received from a contractor.  The contractor later submitted to the IRS a Form 1099 that reported a $35,305 payment from the contractor to the taxpayer.  The Commissioner then issued a

notice of deficiency claiming that the taxpayer had underreported his income by $24,505 (i.e., the difference between the $35,305 the contractor reported to the IRS and the $10,800 reported on the taxpayer's return).

The U.S. Court of Appeals for the Fifth Circuit held for the taxpayer and stated that the notice of deficiency issued on the basis of the Form 1099 was "arbitrary and erroneous". Id. at 1134. Thus, the Commissioner was not entitled to the presumption of correctness ordinarily applicable to her determinations. Id. The rationale for the Court of Appeals' holding is to prevent taxpayers from having to bear the unreasonable burden of proving the nonreceipt of income. Id. at 1133.

In Portillo v. Commissioner, 988 F.2d 27 (5th Cir. 1993) (Portillo II), revg. T.C. Memo. 1992-99, the taxpayer appealed our denial of administrative and litigation costs. The U.S. Court of Appeals for the Fifth Circuit held that the Commissioner's position was not substantially justified. The court noted that "one person's word, i.e. 'a naked assertion,' is not sufficient support for a notice of deficiency" and that the notice of deficiency was arbitrary and erroneous. Id. at 29. As a result, the court concluded that the Commissioner's position was not substantially justified. Id.

In the present case, respondent took a position in her notice of deficiency and answer based on a Form 1099-MISC from

Dr. Imhoff, indicating that petitioner received $4,147.50 of income in 1991, and on an unsubstantiated assertion by Dr. Imhoff that the $4,147.50 constituted nonemployee income. Respondent did not obtain the necessary documentation from Dr. Imhoff and petitioner until after the notice of deficiency was issued and the answer was filed. Once respondent obtained the necessary information, she had little difficulty confirming most of petitioner's assertions. This process should have preceded the issuance of the notice of deficiency.

Respondent argues that the parties have stipulated that "the Commissioner was substantially justified in its [sic] position that petitioner received income from a check of $703.50 in January, 1991." Our determination, however, of whether respondent was "substantially justified" within the meaning of section 7430(c)(4)(A)(i) is based on the position respondent took on August 9, 1994 (i.e., the date the notice of deficiency was issued), and January 17, 1995 (i.e., the date respondent filed her answer). See sec. 7430(c)(7)(A) and (B); Huffman v. Commissioner, supra at 1143-1147. On both of these dates, respondent's position was not substantially justified, because she had an insufficient basis in fact to determine that petitioner had received $4,147.50 of nonemployee income. Portillo II, supra. Respondent did not take a position relating to the $703.50 check until June or July of 1995, when she received a copy of the check. The fact that respondent then took

a valid position relating to the year in which the check was includable has no bearing on our conclusion that respondent's position was not substantially justified on the earlier dates identified above.

## II.  Exhaustion of Administrative Remedies

Section 7430(b)(1) generally requires that a party seeking litigation costs exhaust all administrative remedies.  Minahan v. Commissioner, 88 T.C. 492 (1987).  Section 301.7430-1(b)(1), Proced. & Admin. Regs., provides that, where "an Appeals office conference is available", administrative remedies are exhausted only if a taxpayer (1) participated in such conference prior to filing a petition, or (2) requested an Appeals conference and such request was denied.  Respondent contends that petitioner did not participate in an Appeals conference.  Petitioner concedes this point, but contends that prior to the filing of the petition no Appeals conference was "available" within the meaning of section 301.7430-1(b), Proced. & Admin. Regs.

Several factors lead us to conclude that petitioner exhausted her administrative remedies.  First, respondent's 30-day letter made no mention of the Appeals function at all.[2]  The 30-day letter stated that "THE ENCLOSED PUBLICATION 1383 CONTAINS

---

[2] By contrast, the Department of the Treasury's Statement of Procedural Rules recognizes the importance of apprising taxpayers of their Appeals rights and states that a 30-day letter includes a description of such rights.  Sec. 601.105, Statement of Procedural Rules.

MORE INFORMATION ABOUT HOW TO RESPOND TO THIS NOTICE."  The

reference to Publication 1383, however, did not mention

petitioner's right to Appeals consideration.  In addition,

Publication 1383 was not attached to the copy of the 30-day

letter provided by respondent.  It therefore is unclear whether

Publication 1383 was even mailed to petitioner.

Second, petitioner did exactly what the 30-day letter

encouraged--she attempted to resolve the matter by written

correspondence.  The letter stated:

> IF YOU DO NOT AGREE WITH THE PROPOSED CHANGE(S), WE
> ENCOURAGE YOU TO WORK WITH US TO RESOLVE THE MATTER BY
> MAIL.  WE HAVE FOUND THAT THE ITEM(S) IN QUESTION ON
> YOUR RETURN CAN BE RESOLVED BY WRITTEN CORRESPONDENCE.
> PLEASE RETURN A SIGNED STATEMENT OF EXPLANATION AND
> SUPPORTING DOCUMENTATION ALONG WITH A COPY OF THIS
> NOTICE IN THE ENCLOSED ENVELOPE.

On February 15, 1994, petitioner informed respondent that she

disagreed with respondent's proposed changes.  On February 18,

1994, petitioner mailed respondent a letter detailing her

position.  Respondent wrote back on April 4, 1994, but did not

respond to the issues raised by petitioner.  Petitioner wrote

again on April 26, 1994, and requested that respondent address

petitioner's positions.  Respondent issued the notice of

deficiency before she replied to petitioner's April 26, 1994,

letter.  This is not a case where the taxpayer chose silence as

her litigation strategy.  See DeVenney v. Commissioner, 85 T.C.

927, 933 (1985); Rogers v. Commissioner, T.C. Memo. 1987-374.

While petitioner attempted to resolve the matter through correspondence, it was respondent who failed to cooperate.

Third, when respondent issued the notice of deficiency, the parties were in the middle of the negotiations process. Respondent had yet to reply to petitioner's letter of April 26, 1994, and petitioner had no reason to believe that the negotiations had reached an impasse. Yet on August 9, 1994, 9 months before the period of limitations was to expire, respondent precipitously issued a notice of deficiency.

For the above reasons, we conclude that petitioner did all that was necessary in these circumstances to exhaust her administrative remedies.

III. <u>Unreasonable Protraction of Proceedings</u>

Section 7430(b)(4) provides that a taxpayer may recover administrative and litigation costs and fees only if she demonstrates that she did not unreasonably protract the administrative and Court proceedings. Respondent argues that petitioner did not provide information regarding the $703.50 check in a timely manner. Consequently, respondent argues that petitioner unreasonably protracted the litigation. We disagree.

The issue relating to the $703.50 check was not the last issue settled by the parties. On October 6, 1995, respondent conceded this issue. Yet the issue relating to the $2,427.45 reported by petitioner as miscellaneous income was not settled until October 11, 1995. Thus, any delay attributable to the

dispute over the $703.50 check did not unreasonably protract the administrative and Court proceedings.

IV.  Reasonableness of Fees Claimed

Section 7430(c) defines reasonable litigation and administrative costs as including:  (1) Reasonable court costs; (2) administrative fees charged by the IRS; (3) certain costs related to expert witnesses and production of reports; and (4) reasonable fees for the services of an attorney.  Recoverable attorney's fees are limited to a maximum of $75 per hour adjusted for cost of living increases and special factors.  Sec. 7430(c)(1) and (2).

Petitioner seeks reimbursement for $3,075 of her attorney's fees.  Respondent contends that a majority of these fees related to the dispute over the year in which the $703.50 check was includable.  While petitioner does not refute this contention, the record reveals that respondent did not take a position relating to the $703.50 check until June or July of 1995. Therefore, all attorney's fees incurred prior to this period are recoverable.  The stipulation, however, does affect the total amount of recoverable fees.  Accordingly, we award petitioner $2,125 for her attorney's services.

In addition, petitioner claims reimbursement for expenses of $132.95, relating to photocopies ($25), phone calls ($13), postage ($16.54), fax charges ($5.41), Federal Express charges ($13), and her Tax Court filing fee ($60).  With the exception of

the Federal Express charges, see <u>Cassuto v. Commissioner</u>, 93 T.C. 256, 275 (1989), affd. in part and revd. in part 936 F.2d 736 (2d Cir. 1991), all of the above expenses are reasonable.

Consequently, petitioner is entitled to reimbursement of her reasonable administrative and litigation fees and costs of $2,244.95 ($2,125.00 + 119.95).

We have considered all other arguments made by petitioner and respondent and found them to be either irrelevant or without merit.  Accordingly, we shall grant petitioner's Motion for Award of Reasonable Administrative and Litigation Costs and Fees.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.