T.C. Memo. 1997-459


UNITED STATES TAX COURT


DAVID WHITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10350-97.                    Filed October 8, 1997.


David White, pro se.

<u>Blaise Gately Dusenberry</u> and <u>David W. Johnson</u>, for
respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

_____

[1]  Unless otherwise indicated, all section references are to
                                        (continued...)

and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.  As explained in greater detail below, we shall grant respondent's motion.

Background

Respondent issued a notice of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for the years and in the amounts as follows:

|  |  | Additions to tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1992 | $10,902 | $1,163 | -- |
| 1993 | 20,659 | 5,165 | $866 |
| 1994 | 10,269 | 2,567 | $533 |

The notice of deficiency includes an explanation that the adjustments to petitioner's taxable income are attributable to petitioner's failure to file tax returns reporting various items of income including:  (1) Nonemployee compensation paid by Lincoln Investment Planning, General American Life, and Willow Fork Drainage District; (2) interest paid by Charles Schwab & Co., First City Texas, and Texas Commerce Bank; (3) dividends

---

    ¹(...continued)
the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

paid by Alger Money Market Portfolio; (4) gains derived from stock/bond sales in 1992; and (5) prizes and awards received from Lincoln Investment Plan in 1994. Those items of income were reported to respondent on Forms 1099 and other information returns submitted by the payors.

Petitioner invoked this Court's jurisdiction by filing an imperfect petition for redetermination, followed by an amended petition.[2] The amended petition states in pertinent part:

A. The "Notice" Tax, Penalty, and Interest is in "error" as indicated in the "Notice of Deficiency".

B. Petitioner is not liable for said Tax, Penalty, and Interest as indicated in said Deficiency.

C. Deficiency is based on hearsay information.

In response to the amended petition, respondent filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. Shortly thereafter, the Court directed petitioner to file a proper second amended petition setting forth with specificity each error that petitioner alleges was made by respondent in the determination of the deficiencies and additions to tax and separate statements of every fact upon which petitioner bases the assignments of error.

Petitioner failed to comply with the Court's order to file a proper second amended petition. To the contrary, petitioner

---

[2] At the time that the petition was filed, petitioner resided in Houston, Texas. Accordingly, this case is appealable to the Court of Appeals for the Fifth Circuit.

filed a response to respondent's motion to dismiss in which he asserts that respondent's motion should be stricken. Petitioner's response states in pertinent part:

> The Commissioner by her alleged Notice of Deficiency has failed to prove that the petitioner was engaged in any income-producing activity during the years of the deficiency notice. Nor is there any evidence that the respondent's determination was based on information, other than that of presumption, concerning petitioner's alleged income-producing activities during the years in issue. Except for the explanation in the notice of deficiency, there is no evidence showing the basis for respondent's computation of petitioner's income and there is no evidence to show that such income has been derived from an income-producing or revenue taxable activity. From the sparse facts presented by the record, it is apparent that there is no evidence presented by the Commissioner regarding whether petitioner had taxable income during the years in issue. Indeed, the only facts before this Court relate to the events leading up to the notice of deficiency and respondent's method of computing the deficiencies. Under these circumstances, the presumption of correctness that normally attaches to the notice of deficiency and the proper allocation of the burden of producing evidence and the burden of proof become critical. The issue before this Court that must be decided is whether these determinations are entitled to the normal presumption of correctness and if not, who bears the burden of proof.

The remainder of petitioner's reply is simply a long quotation of the portion of this Court's opinion in Senter v. Commissioner, T.C. Memo. 1995-311, discussing Portillo v. Commissioner, 988 F.2d 27 (5th Cir. 1993), revg. T.C. Memo. 1992-99, and Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68 (collectively, the Portillo cases).

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and argued in support of the pending motion. In particular, respondent cited a case recently decided by the Court of Appeals for the Fifth Circuit, Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997), for the proposition that petitioner's contentions respecting the presumption of correctness and burden of proof do not state a claim for relief.

## Discussion

Rule 34(b)(4) requires that a petition filed in this Court shall contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and the additions to tax in dispute. Rule 34(b)(5) further requires that the petition shall contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). Any issue not raised in the pleadings is deemed to be conceded. Rule 34(b)(4); Jarvis v. Commissioner, supra at 658 n.19; Gordon v. Commissioner, 73 T.C. 736, 739 (1980). Further, the failure of a party to plead or otherwise proceed as provided in the Court's Rules may be grounds for the Court to hold such party in default, either on the motion of another party or on the initiative of the Court. Rule 123(a).

It is well settled that determinations made by the Commissioner in a notice of deficiency normally are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); INDOPCO Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In addition, this Court ordinarily will not look behind a notice of deficiency to examine the evidence used or the propriety of the Commissioner's motives or conduct in determining the deficiency. Riland v. Commissioner, 79 T.C. 185, 201 (1982); Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974).

A recognized exception to the general rule that the Commissioner's determination is presumed to be correct arises in cases involving unreported income where the taxpayer challenges the notice of deficiency on the grounds that it is arbitrary and the Commissioner fails to substantiate the determination with predicate evidence. Sealy Power, Ltd. v. Commissioner, 46 F.3d 382, 386 (5th Cir. 1995), affg. in part, revg. in part and remanding in part T.C. Memo. 1992-168; Portillo v. Commissioner, 932 F.2d at 1133.

Petitioner contends that, in an unreported income case such as this case, respondent's reliance on information reported to respondent by third-party payors on Forms 1099, standing alone, does not provide the predicate evidence necessary to substantiate respondent's determinations. In conjunction with this

contention, petitioner maintains that justiciable issues remain in this case insofar as the Court is required to decide whether the normal presumption of correctness is applicable and to make the proper assignment of the burden of proof.

We agree with respondent that petitioner has failed to state a claim for relief. Viewing the amended petition in isolation, the best that can be said is that petitioner disagrees with respondent's determinations. However, the amended petition lacks either a clear and concise statement of the errors allegedly committed by respondent in the determination of the deficiencies or a statement of the facts on which petitioner bases his assignments of error. We observe that upon receipt of a notice of deficiency determining unreported income, a taxpayer can reasonably be expected to support an allegation that the Commissioner erred in determining a deficiency in tax by stating facts tending to show that the taxpayer was unemployed, earned a lower amount of income, or otherwise did not receive the payments reported to respondent by third-party payors. The amended petition lacks any such statement.

Similarly, the arguments set forth in petitioner's reply, i.e., that the notice of deficiency is not entitled to the normal presumption of correctness and that respondent should bear the burden of proof, are inadequate to state a claim for relief. We agree with respondent that the Court of Appeals' analysis in Parker v. Commissioner, supra, is controlling in this regard.

As is the case here, the taxpayers in Parker failed to file income tax returns for the years in issue, yet relied upon the Portillo cases for the proposition that the normal presumption of correctness should not apply to the notices of deficiency because the Commissioner's determinations of unreported income were based upon Forms 1099 and W-2.  In rejecting this argument and affirming this Court's dismissal of the taxpayers' case for failure to state a claim upon which relief can be granted, the Court of Appeals distinguished the Portillo cases as follows:

> In Portillo, the IRS issued a notice of deficiency when it discovered that the taxpayer had reported substantially less income from a particular payor than that payor had reported in its Form 1099.  We found that the Commissioner "arbitrarily decided to attribute veracity to [the third-party payor] and assume that [the taxpayer's] Form 1040 was false."  [Portillo v. Commissioner, 932 F.2d at 1134.]  In Portillo, the Commissioner's determination was arbitrary because the Commissioner offered no factual basis for accepting one sworn statement, the Form 1099, while rejecting another sworn statement, the taxpayer's Form 1040.
>
> Portillo did not hold that the IRS must conduct an independent investigation in all tax deficiency cases. In this case, the Commissioner has not arbitrarily found the third-party forms credible:  the Parkers never filed a Form 1040 or any other document in which they swore that they did not receive the payments in question.  The Commissioner has no duty to investigate a third-party payment report that is not disputed by the taxpayer.

Parker v. Commissioner, 117 F.3d at 786-787.  We note that the Court of Appeals concluded its opinion by imposing a penalty of $2,000 against the taxpayers for bringing a frivolous appeal.

Consistent with <u>Parker</u>, we hold that petitioner has failed to state a claim upon which relief may be granted.  In short, petitioner's assertion that respondent erred in relying on reports from third-party payors in determining the deficiencies in dispute, standing alone, carries no weight.  Therefore, we will grant respondent's motion to dismiss and enter a decision in this case sustaining respondent's determinations as set forth in the notice of deficiency issued to petitioner.  See Rules 34(a)(1), 123(b); <u>Scherping v. Commissioner</u>, 747 F.2d 478 (8th Cir. 1984).

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The circumstances here suggest that petitioner may have instituted this proceeding primarily for purposes of delay. However, we shall not now impose a penalty under section 6673(a)(1).  Nonetheless we take this opportunity to admonish petitioner that the Court shall strongly consider imposing such a penalty if he returns to the Court and makes similar arguments in the future.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.