**Bradley H. BINKS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 96–497T.**

United States Court of Federal Claims.

Nov. 16, 1998.

---

Bradley H. Binks, Glen Ellyn, Illinois, pro se.

Edward L. Froelich, Tax Division, United States Department of Justice, Washington, DC, for defendant, with whom were Loretta C. Argrett, Assistant Attorney General, Mildred L. Seidman, Chief, Court of Federal Claims Section, Thomas D. Sykes, Assistant Chief, Court of Federal Claims Section.

## OPINION

MARGOLIS, Judge.

This tax refund action is currently before the court on plaintiff's motion for payment of reasonable fees incurred in preparation of the complaint. Plaintiff contends that he is a prevailing party and therefore entitled, under 26 U.S.C. § 7430, to the reasonable fees and costs incurred in bringing this suit. Defendant claims that plaintiff is not entitled to recovery of such fees and costs because plaintiff failed to exhaust his administrative remedies and is not a prevailing party as defined by section 7430. After carefully considering both parties' written submissions, and finding oral argument unnecessary, the court concludes that plaintiff failed to exhaust his administrative remedies and therefore cannot recover his fees and costs under section 7430. Consequently, plaintiff's motion for payment of reasonable fees is denied.

## FACTS

The Internal Revenue Service ("IRS") sent plaintiff, Bradley Binks, a letter, dated March 25, 1995, informing him of its decision to assess a penalty against him in the amount of $1,705.20 for the unpaid federal employ-

ment taxes of Automation Kinetics & Controls Inc.[1] The letter told plaintiff that he had a right to appeal or protest the action within 60 days of the date of the letter and explained how plaintiff could appeal his case to the office of the Regional Director of Appeals. The letter further explained that plaintiff could represent himself or have someone qualified to practice before the IRS represent him at his appeals conference. Additionally, the letter stated that if plaintiff and the IRS still disagreed after his conference, he could bring his case to the United States Court of Federal Claims or to a United States District Court. Finally, the letter explained a series of actions plaintiff could take, within 30 days of the date on the enclosed 3552 form, to request a delay in collection of the penalty while the IRS reviewed the claim.

According to the IRS officer who assessed the penalty against plaintiff, plaintiff did not respond to the letter and made no attempt to appeal the assessment of the penalty as provided for in the March 25, 1995 letter.[2] Approximately eight months after receiving the letter, on December 4, 1995, plaintiff sent the IRS a claim for refund of the $1,705.20 penalty. The IRS had satisfied $1,011 of the penalty from plaintiff's 1994 tax return. Plaintiff made a $694.20 payment on March 15, 1996 to satisfy the remainder of the penalty. Because the IRS did not refund the money that plaintiff sought, plaintiff filed suit in this court on August 12, 1996 seeking $5,185.20, which included the $1,705.20 claim for refund, $120 court filing fee, and $3,360 in fees plaintiff paid to an accountant to help him challenge the penalty assessment. On November 25, 1996, defendant filed an answer and motion for entry of judgment admitting that plaintiff was due $1,011 for the amount applied against the penalty from his 1994 tax return and $694.20 for the separate payment he made against the penalty on March 15, 1996. On January 30, 1997, plaintiff filed the present motion for payment of reasonable fees incurred in preparation of the complaint. Subsequently, the parties re-

---

1. Plaintiff is an employee of this company, which his father owns and operates.

2. Additionally, plaintiff does not contend that he attempted to appeal his case to the office of the Regional Director of Appeals as provided for in the letter.

solved plaintiff's $1,705.20 refund claim on their own, and defendant paid plaintiff $1705.20, plus statutory interest. Therefore, all that remains before the court is plaintiff's motion for fees.

## DISCUSSION

██ Plaintiff contends that he is a prevailing party and therefore entitled to payment of his fees in tax refund actions such as the one presently before the court. *See* 26 U.S.C. § 7430; *Pohl Corp. v. United States,* 29 Fed.Cl. 66, 69 (1993); *Lawler v. United States,* 16 Cl.Ct. 53, 55 (1988). Section 7430(a) authorizes the court to grant a prevailing party reasonable administrative costs incurred in connection with administrative proceedings within the IRS and reasonable litigation costs incurred in connection with court proceedings. *See* 26 U.S.C. § 7430(a). In order to recover such costs, plaintiff has the burden to show that (1) he exhausted all administrative remedies prior to filing suit, (2) he has not protracted the proceedings, (3) the costs he seeks are reasonable, and (4) he is the prevailing party. *See* 26 U.S.C. § 7430; *Larsen v. United States,* 39 Fed.Cl. 162, 165 (1997); *Pohl Corp.,* 29 Fed.Cl. at 69. To establish that he is a prevailing party, plaintiff must show that defendant's position was not substantially justified, that he substantially prevailed with respect to the amount in controversy or the significant issues presented, and that he meets certain net worth requirements. *See* 26 U.S.C. § 7430(c)(4); *Pohl Corp.,* 29 Fed.Cl. at 69.

██ The initial or threshold requirement imposed on a taxpayer asserting a claim for costs under section 7430 is the exhaustion of administrative remedies. *See Kenlin Indus. v. United States,* 927 F.2d 782, 786 (4th Cir.1991); *Burke v. Commissioner,* 73 T.C.M. (CCH) 2291, 2294, 1997 WL 105014 (1997). The section 7430(b)(1) requirement to exhaust administrative remedies is implemented at 26 C.F.R. § 301.7430–1, which provides that where an appeals office conference is available, a taxpayer exhausts his administrative remedies only if he participates in such a conference prior to

filing suit or requests an appeals office conference and the request is denied.[3] *See* 26 C.F.R. § 301.7430–1(b); *Lawler,* 16 Cl.Ct. at 56–57; *In re Robidoux,* 116 B.R. 320, 323 (D.Mass.1990); *Burke,* 73 T.C.M. at 2294; *Cole v. Commissioner,* 72 T.C.M. (CCH) 384, 387, 1996 WL 453881 (1996). The requirement to exhaust administrative remedies is intended to prevent taxpayers from recovering litigation costs when the litigation might have been avoided or reduced in scope through use of administrative remedies. *See Kenlin Indus.,* 927 F.2d at 786.

██ In the present case, an appeals office conference was available to plaintiff, and the IRS informed him of that option by letter. According to the IRS officer who assessed the penalty against plaintiff, plaintiff did not participate in, or request to participate in, such a conference. Furthermore, plaintiff has not claimed otherwise. The court concludes, therefore, that plaintiff failed to exhaust his administrative remedies prior to filing suit in this court. *See* 26 C.F.R. § 301.7430–1(b); *Lawler,* 16 Cl.Ct. at 59–60 (finding that taxpayer failed to exhaust his administrative remedies because he did not participate in, or request to participate in, an appeals office conference); *Burke,* 73 T.C.M. at 2296 (same). Consequently, plaintiff may not recover his fees and costs under section 7430. *See Kenlin Indus.,* 927 F.2d at 789 (failure to exhaust administrative remedies is conclusive against an award of fees and costs under section 7430); *Lawler,* 16 Cl.Ct. at 59–60; *Burke,* 73 T.C.M. at 2296. It is, therefore, unnecessary for the court to decide whether defendant's position was substantially justified or to consider the other issues raised by defendant.

## CONCLUSION

For the reasons set forth above, the court concludes that plaintiff did not exhaust his administrative remedies and therefore cannot recover his fees and costs under section 7430. Consequently, plaintiff's motion for payment

---

**3.** Section 301.7430–1(e) enumerates several exceptions to the exhaustion of administrative remedies requirement, but they are inapplicable to this case.

of reasonable fees incurred in preparation of the complaint is denied.