**Andrea Nicholson HAAS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 97–575T.

United States Court of Federal Claims.

March 10, 1999.

Matthew J. McCann, Silver Spring, Maryland, for plaintiff.

William K. Drew, Department of Justice, Washington, D.C., with whom was Assistant Attorney General Loretta C. Argrett, for defendant. Mildred L. Seidman, Chief, and David Gustafson, Assistant Chief, Court of Federal Claims Section, of counsel.

### OPINION AND ORDER

FUTEY, Judge.

This tax case is presently before the court on plaintiff's application for attorney's fees and expenses pursuant to I.R.C. § 7430 (West Supp.1998). In the underlying action, plaintiff sought a refund of taxes paid as a result of certain disallowed partnership losses in Transpac Drilling Venture 1983–9 (Transpac). On May 4, 1998, defendant conceded liability and subsequently tendered to plaintiff a check for the full amount sought, plus interest. Because the objective of plaintiff's suit had been achieved, the court granted defendant's motion to dismiss for failure to state a claim, and dismissed plaintiff's complaint without prejudice as moot. *See Haas v. United States*, 1998 U.S. Claims LEXIS 311, at *13 (Fed.Cl. Dec. 29, 1998). Plaintiff now argues that, because she substantially prevailed with respect to the amount in controversy in this action, she is entitled to costs and fees. After considering the parties' respective positions, and finding oral argument unnecessary, the court concludes plaintiff is entitled to only a portion of the amount sought.

■ The Internal Revenue Code permits the court to award reasonable administrative and litigation costs under certain circumstances. I.R.C. § 7430. In order to recover costs, plaintiff must demonstrate that: (1) she exhausted her administrative remedies; (2) she has not protracted the litigation; (3) she is the prevailing party; and (4) the costs sought are reasonable. *See id.; see also Larsen v. United States*, 39 Fed.Cl. 162, 165 (1997), *appeal dismissed*, 152 F.3d 945 (Fed. Cir.1998); *Pohl Corp. v. United States*, 29 Fed.Cl. 66, 69 (1993).

Defendant does not contend plaintiff failed to exhaust her administrative remedies. Defendant argues, however, plaintiff unreasonably protracted the instant proceedings.

■ Section 7430 requires the court to deny costs where a prevailing party improperly protracts the proceedings. The statute states, in relevant part:

No award for reasonable litigation and administrative costs may be made under subsection (a) with respect to any portion of the administrative or court proceeding during which the prevailing party has unreasonably protracted such proceeding.

I.R.C. § 7430(b)(3). Plaintiff filed suit in this court on August 20, 1997, seeking a refund of the amount she paid as a result of her disallowed losses in Transpac. On May 4, 1998, defendant conceded liability and then refunded to plaintiff the entire amount sought by her, including interest. Following defendant's concession, plaintiff filed a motion for summary judgment, asserting she is entitled to treat her distributive partnership losses in Transpac as non-partnership items, thus entitling her to a refund of money defendant had already offered to return.

The court finds plaintiff's actions following defendant's concession of liability did not unnecessarily protract the instant proceedings. Specifically, defendant offered to stipulate to a dismissal without prejudice, while plaintiff asserted she was entitled to a dismissal with prejudice. Once plaintiff ascertained the parties could not agree on the form of dismissal, plaintiff could reasonably, and appropriately, seek a judicial resolution of plaintiff's action. It is of no moment that the court ultimately agreed with defendant and dismissed the complaint without prejudice. Accordingly, defendant's assertion that plaintiff unnecessarily protracted the instant litigation must fail.

■ Plaintiff must also establish that she is a prevailing party. *See Sharp v. United States*, 20 F.3d 1153, 1154 (Fed.Cir.1994) (citing I.R.C. § 7430(a)). "To establish that [s]he is a prevailing party, plaintiff must show that defendant's position was not substantially justified, that [s]he substantially prevailed with respect to the amount in controversy or the significant issues presented, and that [s]he meets certain net worth requirements." *Binks v. United States*, 42 Fed.Cl. 315, 317 (1998) (citing I.R.C. § 7430(c)(4)).

Having secured the return of the money she sought, it can not be disputed that plaintiff did substantially prevail with respect to the amount in controversy. The court must, nevertheless, determine whether defendant's position was substantially justified. This requires the court to consider defendant's position throughout this litigation. Prior to, and including, May 4, 1998, defendant's position was not substantially justified. This lack of substantial justification is evidenced by defendant's concession of liability. After that date, however, defendant's position was substantially justified. In this regard, plaintiff refused to accept defendant's concession and proceeded by filing a motion for summary judgment. Moreover, defendant argued plaintiff's refund action was moot. Indeed, the court agreed with defendant and dismissed the complaint.[1]

Finally, the court must determine whether the costs sought by plaintiff are reasonable. I.R.C. § 7430(c). Section 7430 defines reasonable litigation costs as including:

> reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $110 per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate.

I.R.C. § 7430(c)(1)(B)(iii). The statutory cap of $110 per hour is subject to a cost-of-living adjustment based upon the consumer price index. *Id.* Plaintiff's counsel provided an affidavit and an itemized statement outlining the expenses incurred in prosecuting this case. Counsel, however, presented no rationale for providing an award of fees in excess of the statutorily prescribed rate. Thus, the court concludes plaintiff is entitled to fees as limited in the statute. Further, and as outlined above, plaintiff is entitled to the expenses incurred through May 4, 1998, the date defendant conceded liability in this case.[2]

### Conclusion

For the above-discussed reasons, plaintiff is entitled to $6,646, a portion of the attorney's fees and expenses requested. Thus, plaintiff's application pursuant to I.R.C. § 7430 is granted in part, and denied in part.[3] The Clerk is directed to enter judgment in accordance with this opinion. No further costs shall be granted.

---

1. The court is satisfied plaintiff fulfills the net worth requirements of I.R.C. § 7430(c)(4)(A)(ii) (West Supp.1998). *See* 28 U.S.C. § 2412(d)(2)(B) (1994).

2. Plaintiff's counsel devoted 24.2 hours to this case in 1997, when the prescribed hourly rate was $110. *See* Rev.Proc. 96–59, 1996–2 C.B. 392. Counsel is thus entitled to an award of $2,662 for services rendered in 1997. In 1998, counsel devoted 33.2 hours through May 4, 1998, when the prescribed hourly rate was $120. *See* Rev.Proc. 97–57, 1997–52 I.R.B. 20. Accordingly, counsel is entitled to $3,984 for that year.

3. Plaintiff also argues that, because she tendered an offer of judgment to defendant that was rejected, and defendant's subsequent concession of liability did not produce a judgment more favorable than plaintiff's offer of judgment, defendant should be required to pay all attorney fees incurred subsequent to the rejection. In support of her position, plaintiff cites to RCFC 68.

Plaintiff's argument is without merit. In her purported offer of judgment, plaintiff sought a stipulation of dismissal with prejudice. *See* Plaintiff's Motion for Award of Attorney's Fees and Request for Hearing, Exhibit D. This case, however, ultimately resulted in a dismissal *without* prejudice. It is therefore axiomatic plaintiff did not receive a judgment more favorable than the one initially tendered.