GEORGE S. NALLE, III, AND CAROLE NALLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CHARLES A. BETTS AND SYLVIA I. BETTS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nalle v. Commissioner
Docket Nos. 22026-89, 22047-89
United States Tax Court
T.C. Memo 1994-182; 1994 Tax Ct. Memo LEXIS 181; 67 T.C.M. (CCH) 2747; April 26, 1994, Filed *181 In Nalle v. Commissioner, 99 T.C. 187 (1992), we held sec. 1.48-12(b)(5), Income Tax Regs., to be a valid regulation and sustained R's determination of deficiencies against Ps. On appeal, the U.S. Court of Appeals for the Fifth Circuit reversed holding the regulation in question invalid. Nalle v. Commissioner, 997 F.2d 1134 (5th Cir. 1993). On remand, Ps filed a motion for reasonable litigation costs under sec. 7430, I.R.C.Held, Ps' motion is denied on the ground that R's decision to defend the validity of sec. 1.48-12(b)(5), Income Tax Regs., in the context of these proceedings was substantially justified. For petitioners: Michael L. Cook and Carolyn M. Beckett. For respondent: Gerald L. Brantley. HAMBLEN
HAMBLEN
MEMORANDUM OPINION HAMBLEN, Chief Judge: This matter is before the Court on petitioners' Motion for Award of Litigation Costs filed pursuant to section 7430 and Rule 231. [1] We note that the provisions of section 7430 are applicable as amended by section 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743, applicable to proceedings commenced after *182 November 10, 1988. The parties have submitted affidavits and memoranda in support of their positions in accordance with Rules 231 and 232. The parties have not requested a hearing, and we conclude that a hearing is not necessary for the proper consideration and disposition of petitioners' motion. Rule 232(a)(3). We will decide the matter based upon petitioners' motion, respondent's response thereto, and the affidavits and exhibits submitted by the parties. [2]
*183 Background
Petitioners originally invoked the jurisdiction of this Court for a redetermination of deficiencies arising from respondent's decision to disallow investment tax credits that petitioners claimed for the taxable years 1980, 1983, 1984, and 1985. In Nalle v. Commissioner, 99 T.C. 187 (1992), a case of first impression, we upheld the validity of section 1.48-12(b)(5), Income Tax Regs., a provision that denies an investment tax credit under section 48(a) for rehabilitation costs incurred with respect to a building that is relocated prior to its rehabilitation. Consistent with this holding, we sustained respondent's determinations and entered decisions against petitioners for deficiencies in Federal income tax. Petitioners subsequently appealed to the U.S. Court of Appeals for the Fifth Circuit, which reversed our decision and held the regulation invalid. Nalle v. Commissioner, 997 F.2d 1134 (5th Cir. 1993). Following remand to this Court, petitioners filed a Motion for Award of Litigation Costs. Respondent filed a response to petitioners' motion denying that an award is warranted under the circumstances. *184 Discussion
Pursuant to section 7430(a), the "prevailing party" in any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code may be awarded reasonable costs incurred in connection with such proceeding. Petitioners bear the burden of proving that they are entitled to such an award. Rule 232(e); Dixson Intl. Serv. Corp. v. Commissioner, 94 T.C. 708, 714-715 (1990). To be eligible for an award of litigation costs, petitioners must establish: (1) They have exhausted all administrative remedies available to them; (2) they have not unreasonably protracted the proceedings; and (3) they satisfy the statutory definition of a prevailing party. See sec. 7430(b)(1), (4), (c)(4). Respondent concedes that petitioners have exhausted all available administrative remedies and have not unreasonably protracted the proceedings. However, respondent contends that petitioners do not qualify as prevailing parties. To satisfy the statutory definition of a prevailing party, petitioners must prove: (1) The position of the *185 United States in the proceeding was not substantially justified; (2) they have substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) they meet applicable net worth requirements. Sec. 7430(c)(4)(A)(i)-(iii); Rule 232(e); Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993). There is no dispute that petitioners satisfy the latter two requirements. Consequently, petitioners need only establish that respondent's litigation position was not substantially justified. [3]
The standard for determining whether respondent's litigation position was not substantially justified is essentially one of reasonableness. Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992); VanderPol v. Commissioner, 91 T.C. 367, 369 n.3 (1988); *186 Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The determination of reasonableness is based upon all the facts and circumstances surrounding the proceeding and the fact that respondent ultimately loses the case is not determinative. See Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985); see also Portillo v. Commissioner, 988 F.2d 27, 28 (5th Cir. 1993), revg. T.C. Memo. 1992-99; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991). In this regard, H. Rept. 97-404, at 12 (1981), states in pertinent part: The committee intends that the determination by the court on [reasonableness] is to be made on the basis of the facts and legal precedents relating to the case as revealed in the record. Other factors the committee believes might be taken into account in making this determination include, (1) whether the government used the costs and expenses of litigation against its *187 position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant.
Respondent's position is substantially justified if "justified to a degree that could satisfy a reasonable person". Pierce v. Underwood, 487 U.S. 552, 565 (1988) (construing similar language under the Equal Access to Justice Act, 28 U.S.C. sec. 2412 (1988)). A position which merely possesses enough merit to avoid sanctions for frivolousness will not satisfy the standard; rather, it must have a reasonable basis both in law and fact. Id.; Hanson v. Commissioner, supra at 1153. Petitioners argue that it was unreasonable for respondent to attempt to defend the validity of section 1.48-12(b)(5), Income Tax Regs., where the regulation lacked a statutory basis from its inception. Petitioners also cite Mearkle v. Commissioner, 838 F.2d 880, 883 (6th Cir. 1988), *188 revg. 87 T.C. 527 (1986), for the proposition that respondent's litigation position can be deemed to lack substantial justification notwithstanding that the underlying issue involves the validity of a regulation in a case of first impression. Respondent contends that her decision to defend the validity of section 1.48-12(b)(5), Income Tax Regs., was substantially justified given that there was "no controlling or persuasive decisional authority which purportedly invalidated the regulation at issue." Respondent further asserts that where the substantive issue in dispute concerns the validity of a final regulation, respondent normally is insulated from liability under section 7430. With respect to this latter point, respondent maintains that petitioners' reliance on the appellate court's opinion in Mearkle is misplaced to the extent that case involved a proposed regulation contrasted with the final regulation at issue here. In Mearkle, we concluded that respondent's reliance on a proposed regulation generally should be considered reasonable, thus shielding respondent from an award under section 7430. Although Mearkle involved a proposed regulation, *189 we reasoned that Were a final regulation at issue here, the Commissioner would, except in the most unusual of circumstances, be insulated from a section 7430 award for at least three reasons. First, although a final regulation we strike down, is by definition, unreasonable (see Commissioner v. Portland Cement Co. of Utah, 450 U.S. 156, 169 (1981)), it also has the status of law at least until invalidated by a court. See Boske v. Comingore, 177 U.S. 459 (1900). A taxpayer may rely on a regulation until altered by the Commissioner. See Commercial Shearing & Stamping Co. v. Commissioner, 36 T.C. 433 (1961). We think the Commissioner should be able to rely on it as well. Second, the Commissioner is legally required to enforce the revenue laws. See sec. 7801; Statement of Procedural Rules, sec. 601.101. The regulations contain the details of those laws which Congress has asked the Treasury to enforce and are therefore part of those laws. See Boske v. Comingore, supra.To make an award under section 7430 for what the Commissioner appears required to *190 do under section 7801, i.e., enforce the revenue laws, would put those statutes at odds with each other. We will refrain from interpreting one statute in derogation of another. Cf. United States v. United Continental Tuna Corp., 425 U.S. 164, 168-169 (1976). Finally, administrative havoc would result if the Commissioner had to weigh the threat of a section 7430 award where the regulations clearly and unequivocally support his position. Congress intended that respondent would consider section 7430 as a litigating hazard where he contemplated taking a position arguably beyond the pale of reason. See H. Rept. 97-404, at 11 (1981). As discussed below, however, Congress could not have intended to grind to a halt the operations of the Internal Revenue Service by forcing respondent to second-guess the policy decisions embodied in the regulations. [Mearkle v. Commissioner, 87 T.C. at 530-531.]
Applying this reasoning to respondent's reliance upon the proposed regulation at issue in Mearkle, we denied the taxpayers' motion for costs under section 7430. As indicated, Mearkle was reversed on appeal by the U.S. *191 Court of Appeals for the Sixth Circuit. In particular, the court of appeals concluded: The fault with the tax court's position is that it would permit the Commissioner to frustrate the deterrent envisioned by Congress -- that 26 U.S.C. § 7430 should dissuade abusive conduct and overreaching by the Commissioner. See H.R.Rep. No. 404, 97th Cong., 2d Sess. at 11 (Dec. 14, 1981) U.S. Code Cong. & Admin. News 1982. pp. 781, 787. The Commissioner could thwart the intent of Congress through the device of promulgating a proposed regulation which has no reasonable support in the unambiguous statute upon which it is said to be based, but instead, is manifestly in conflict with that statute. Forcing a taxpayer to choose between acceding to such a regulation, or assuming the burden of contesting it, amounts to the kind of overreaching Congress sought to address. Under those extraordinary circumstances, we think it is better to hold that the Commissioner cannot be said to have reasonably relied upon a proposed regulation which he knew, or should have known, was patently invalid. [Mearkle v. Commissioner, 838 F.2d at 883.] *192 Based on the foregoing, the appellate court remanded the case to this Court for further proceedings. [4]
Turning to the case at hand, we conclude that petitioners have failed to establish that respondent's position was not substantially justified. Absent exceptional circumstances, respondent is not subject to an award of litigation costs under section 7430 where the underlying issue presents a question of first impression regarding the validity of a final regulation. See Stebco, Inc. v. United States, 939 F.2d 686, 688 (9th Cir. 1990), and Estate of Wall v. Commissioner, 102 T.C.     (1994), where the taxpayers were denied awards under section 7430 in part because the underlying issue *193 involved a question of first impression. We agree with respondent that the regulation has a sufficient basis to render her litigation position substantially justified. Contrary to our original decision in this case, the appellate court ruled that section 1.48-12(b)(5), Income Tax Regs., is invalid. The appellate court found the regulation to be incompatible with the unambiguous language of the pertinent statute (sec. 48(g)(1)(A)). Nalle v. Commissioner, 997 F.2d at 1140. Nonetheless, we are not persuaded that respondent's litigation position should now be characterized as unreasonable. Indeed, as the following passage indicates, the appellate court acknowledged that support for section 1.48-12(b)(5), Income Tax Regs., can be found in the legislative history underlying section 48. As the above excerpts [from the legislative history] attest, the Tax Court's conclusion that the 1988 regulation vindicated the statute's intent to revitalize depressed areas, stated most forcefully in the legislative history appended to the 1981 amendments, is not entirely without foundation; Congress undoubtedly considered the bill's revitalizing potential as among *194 its more attractive features. * * * [Nalle v. Commissioner, 997 F.2d at 1137-1138.]
Simply put, unlike Mearkle v. Commissioner, 838 F.2d at 883, the disputed regulation is not manifestly in conflict with section 48. Given the gradual development of the law respecting eligibility for the investment tax credit for rehabilitation costs under section 48 and the known facts concerning petitioners' activities, we conclude that it was reasonable for respondent to both enforce section 1.48-12(b)(5), Income Tax Regs., and defend its validity in this case. Hanson v. Commissioner, 975 F.2d at 1153. Finally, of equal importance, there is no suggestion that respondent pursued this litigation in order to extract concessions from, or otherwise harass or embarrass, petitioners. In the absence of any indication that respondent instituted and pursued this matter for an improper reason, we conclude that respondent's efforts reflect a good faith effort to enforce the revenue laws. Estate of Wall v. Commissioner, supra; VanderPol v. Commissioner, 91 T.C. at 370. *195 Considering the manner in which this case evolved and the novel legal issue presented, we conclude that respondent's position was substantially justified. Consequently, we will deny petitioners' motion for award of reasonable litigation costs. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the years in issue, unless otherwise noted. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All relevant findings of fact set forth in our prior opinion in this case, Nalle v. Commissioner, 99 T.C. 187↩ (1992), are incorporated herein by this reference.
3. Respondent has not taken issue with the reasonableness of the costs that petitioners claim in their motion. Accordingly, we deem the point to be conceded.↩
4. On remand, we granted the taxpayers' motion for litigation costs but denied the taxpayers an award for the costs incurred during the period that they were found to have unreasonably protracted the proceedings. Mearkle v. Commissioner, 90 T.C. 1256↩ (1988).