T.C. Summary Opinion 2003-54

UNITED STATES TAX COURT

ALLEN R. KRAWCZYK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3202-01S.          Filed May 15, 2003.

Allen R. Krawczyk, pro se.

Russell F. Kurdys, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  All references to section 7430 are to that section as in effect at the time the petition was filed.  Unless otherwise indicated, all other section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

This case is before the Court on petitioner's motion for
award of litigation costs pursuant to section 7430. After
concessions,[1] the issue for decision is whether petitioner is a
"prevailing party" that may be awarded a judgment for reasonable
litigation costs incurred in connection with this court
proceeding. As explained in further detail below, we hold that
respondent's position was substantially justified, and,
therefore, we shall deny petitioner's motion for award of
litigation costs.

Background

Petitioner filed a Federal income tax return for the 1999
taxable year (1999 tax return). He claimed head-of-household
filing status, the earned income credit, and two dependency
exemption deductions.

In April 2000, respondent began an examination of
petitioner's 1999 tax return by requesting documentation from
petitioner to verify the claimed filing status, dependency
exemption deductions, and earned income credit. Respondent then

---

[1] Respondent concedes that petitioner has substantially
prevailed with respect to the amount in controversy or has
substantially prevailed with respect to the most significant
issue or set of issues presented.

sent petitioner a so-called 30-day letter dated September 13, 2000, proposing adjustments to petitioner's 1999 tax return.

In a letter dated September 27, 2000, petitioner sent respondent copies of several utility bills, Social Security cards for himself and his two children, and two letters from a school stating that the children resided with petitioner.

Respondent responded by issuing a notice of deficiency dated December 11, 2000, stating in part:

> We have received your correspondence on October 11, 2002, in regard to the examination of your 1999 tax return.
>
> After reviewing the correspondence you submitted, we have determined that additional information is necessary to resolve the issues.  Please see the enclosed explanations listing the adjusted items.  In order for us to reconsider the proposed adjustment, you must submit the documentation explained on the attachments.

Petitioner did not submit any of the requested documentation. Without the benefit of additional information from petitioner, respondent determined a deficiency in petitioner's Federal income tax of $4,354 for the 1999 taxable year.

Petitioner filed a petition on March 5, 2001, and an amended petition on May 4, 2001.  At the time of filing the petition, petitioner resided in Johnstown, Pennsylvania.

From June 2001 to February 2002, respondent's Pittsburgh Appeals Office sent petitioner six letters seeking information regarding his case.  Respondent's counsel also sent petitioner

two letters, one dated February 12, 2002, and another dated April 5, 2002.  Petitioner did not respond to any of these letters. Beginning in November 2001, petitioner suffered from anxiety and depression.

By notice dated August 23, 2002, this case was set for trial at a Pittsburgh, Pennsylvania, trial session scheduled to commence November 18, 2002.[2]  Petitioner brought with him information regarding his 1999 tax return.  On November 18, 2002, the parties filed a stipulation and stipulation of settled issues, which resolved all issues in petitioner's favor.[3]

On November 18, 2002, petitioner filed a motion for award of litigation costs.  Petitioner seeks an award of $448,010.78. Respondent contends that petitioner is not the prevailing party within the meaning of section 7430(c)(4) because, while the stipulation and stipulation of settled issues resolved all issues in petitioner's favor, respondent's position was substantially justified.  In addition, respondent contends that petitioner did not exhaust administrative remedies and that petitioner unreasonably protracted the proceedings.

---

[2]  Because of petitioner's failure to appear at the calendar call, respondent filed a motion to dismiss for lack of prosecution.  Upon petitioner's subsequent appearance, we denied respondent's motion to dismiss.

[3]  While the documents were initially titled stipulation and decision, the Court changed the designation when it became apparent that petitioner intended to make a claim for litigation costs.

Neither party has requested a hearing, and we conclude that a hearing is not necessary. Rule 232(a)(2). Accordingly, we decide petitioner's motion on the basis of the motion, respondent's notice of objection, petitioner's response, and exhibits submitted by both parties.

Discussion

Subject to certain limitations, the prevailing party in any court proceeding may be awarded a judgment for reasonable litigation costs incurred in connection with such court proceeding. Sec. 7430(a)(2). The prevailing party must exhaust the administrative remedies available to it within the Internal Revenue Service, and the prevailing party must not have unreasonably protracted any portion of the administrative or court proceeding. See sec. 7430(b)(1), (3).

The term "prevailing party" means "any party * * * which (I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented". Sec. 7430(c)(4)(A)(i). And in the case of an individual taxpayer, the term also means any party which had a net worth that did not exceed $2,000,000 at the time the civil tax case proceeding was commenced. Sec. 7430(c)(4)(A)(ii) (referring to 28 U.S.C. sec. 2412(d)(1)(B) and (2)(B)(2000)). However, a party shall not be treated as the prevailing party if the Commissioner can establish

that his position was substantially justified.  Sec.
7430(c)(4)(B).

Respondent contends that petitioner is not the prevailing
party within the meaning of section 7430(c)(4) because, while the
stipulation and stipulation of settled issues resolved all issues
in petitioner's favor, respondent's position was substantially
justified.[4]  The Commissioner's position is substantially
justified if, based on all of the facts and circumstances and the
legal precedents relating to the case, the Commissioner acted
reasonably.  Pierce v. Underwood, 487 U.S. 552 (1988); Sher v.
Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir.
1988).  In other words, to be substantially justified, the
Commissioner's position must have a reasonable basis in both law
and fact.  Pierce v. Underwood, supra; Rickel v. Commissioner,
900 F.2d 655, 665 (3d Cir. 1990), affg. in part and revg. in part
on other grounds 92 T.C. 510 (1989).  A position is substantially
justified if the position is "justified to a degree that could
satisfy a reasonable person".  Pierce v. Underwood, supra at 565
(construing similar language in the Equal Access to Justice Act).
Thus, the Commissioner's position may be incorrect but
nevertheless be substantially justified "'if a reasonable person

---

    [4]  As discussed above, respondent also contends that
petitioner did not exhaust administrative remedies and that
petitioner unreasonably protracted the proceedings.  As a result
of our conclusion herein, we need not address respondent's
additional contentions.

could think it correct'". <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. 430, 443 (1997) (quoting <u>Pierce v. Underwood</u>, <u>supra</u> at 566 n.2).

The relevant inquiry is "whether * * * [the Commissioner] knew or should have known that * * * [his] position was invalid at the onset". <u>Nalle v. Commissioner</u>, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182. We look to whether the Commissioner's position was reasonable, in light of and subject to the available facts and circumstances at the time that the Commissioner took his position. <u>Maggie Mgmt. Co. v. Commissioner</u>, <u>supra</u> at 443; <u>DeVenney v. Commissioner</u>, 85 T.C. 927, 930 (1985).

The fact that the Commissioner eventually concedes, or even loses, a case does not establish that his position was unreasonable. <u>Estate of Perry v. Commissioner</u>, 931 F.2d 1044, 1046 (5th Cir. 1991); <u>Sokol v. Commissioner</u>, 92 T.C. 760, 767 (1989). However, the Commissioner's concession does remain a factor to be considered. <u>Powers v. Commissioner</u>, 100 T.C. 457, 471 (1993), affd. in part, revd. in part and remanded on another issue 43 F.3d 172 (5th Cir. 1995).

As relevant herein, the position of the United States that must be examined against the substantial justification standard with respect to the recovery of litigation costs is the position taken by the Commissioner in the answer to the petition. <u>Sher v.</u>

Commissioner, 861 F.2d 131, 134-135 (5th Cir. 1988); see sec. 7430(c)(7)(A). In the present case, respondent did not file an answer to the petition,[5] but we note that respondent's position was essentially the same in the administrative and litigation proceedings.[6] More specifically, respondent's position was that petitioner was not entitled to the head-of-household filing status, the earned income credit, and two dependency exemption deductions.

Considering all the facts and circumstances, respondent did not know and could not have known that his position was invalid after the petition was filed. Petitioner's marital status and the amount of support he provided to his children for the 1999 taxable year were unknown to respondent. See secs. 2(b), 32, 151, 152. On at least eight separate occasions, respondent requested that petitioner provide documents to substantiate such

---

[5] Rule 175(b) provides generally that no answer is required where a petition is filed pursuant to sec. 7463.

[6] The motion filed by petitioner seeks only the recovery of litigation costs and not that of reasonable administrative costs. If petitioner had sought to recover such costs, then we would review the Commissioner's position as of the date of the notice of deficiency to determine whether he was substantially justified with respect to the recovery of administrative costs. See sec. 7430(c)(7)(B). In the present case, respondent received information from petitioner in a letter dated Sept. 27, 2000, before the issuance of the notice of deficiency dated Dec. 11, 2000. However, the information provided by petitioner was insufficient to invalidate respondent's position. Accordingly, petitioner would not be entitled to recovery of reasonable administrative costs.

information.  Petitioner declined to respond.  The documents provided by petitioner in a letter dated September 27, 2000, while helpful, did not invalidate respondent's position.  More documentation was necessary for petitioner to establish that he was entitled to the claimed filing status, deductions, and credit.  We note that, when petitioner did bring the necessary documents on November 18, 2002, the case was quickly resolved.

We hold that petitioner is not entitled to an award for litigation costs because respondent's position was substantially justified.  In so holding, we have carefully considered the remaining arguments made by the parties, and to the extent not discussed above, we consider those arguments to be without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

In order to reflect the foregoing,

An appropriate order and decision will be entered.