T.C. Summary Opinion 2003-60


UNITED STATES TAX COURT


RICHARD SCOTT GEHRS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11349-02S.          Filed May 27, 2003.


Richard Scott Gehrs, pro se.

<u>Andrew R. Moore</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  All references to section 7430 are to that section as in effect at the time the petition was filed.  Unless otherwise indicated, all other section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

This case is before the Court on petitioner's motion for
award of litigation costs pursuant to section 7430.  After
concessions,[1] the issue for decision is whether petitioner is a
"prevailing party" that may be awarded a judgment for reasonable
litigation costs incurred in connection with this court
proceeding.  As explained in further detail below, we hold that
respondent's position was substantially justified, and,
therefore, we shall deny petitioner's motion for award of
litigation costs.

Background

Petitioner did not file a Federal income tax return for the
1997 taxable year.

Respondent received third-party payor information indicating
that petitioner received $18,075 of income during the 1997
taxable year in the following amounts: (1) $17,685 from sales of
stocks and bonds; (2) $377 of dividends; and (3) $13 of interest.

---

[1]  Respondent concedes:  (1) Petitioner has substantially
prevailed with respect to the amount in controversy or has
substantially prevailed with respect to the most significant
issue or set of issues presented; (2) petitioner meets the net
worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (2000); (3)
petitioner has exhausted the administrative remedies available
within the Internal Revenue Service; and (4) the costs claimed by
petitioner are reasonable.

Respondent sent petitioner notices requesting that petitioner file a Federal income tax return for the 1997 taxable year.

In letters dated December 6, 1999, and September 8, 2000, petitioner informed respondent that, pursuant to section 6012(a)(1)(A)(i) and the instructions for Form 1040, U.S. Individual Income Tax Return, he was not required to file a tax return for 1997 because his gross income was less than $6,800. Specifically, petitioner claimed that his gross income for 1997 was $6,113.78.

Respondent sent petitioner a letter dated October 5, 2000, which stated in part:

> Your investment companies only report your sales amount to the IRS, we do not know what your original purchase amount was.  I am sure your [filing of a] Form 1040 and Schedule D would clear your account.  Thank you for your cooperation.

Respondent then sent petitioner a so-called 30-day letter dated July 10, 2001, proposing an individual income tax assessment for the 1997 taxable year.

In a letter dated July 26, 2001, petitioner reiterated his position that, pursuant to section 6012(a)(1)(A)(i) and the instructions for Form 1040, he was not required to file a tax return for 1997.  Petitioner did not include any information from which to verify his base in the stocks and bonds sold in 1997.

Respondent determined a deficiency in petitioner's Federal income tax of $1,691, an addition to tax under section 6651(a)(1)

of $380.47, and an addition to tax under section 6651(a)(2) of $338.20 for the 1997 taxable year.

Petitioner filed a petition on July 8, 2002. At the time of filing the petition, petitioner resided in Menlo Park, California.

Respondent's Fresno Appeals Office issued petitioner a letter dated November 5, 2002, explaining:

> The reason that * * * [respondent] was looking for a tax return was due to the brokerage reporting gross sales that does not include basis. It was assumed that without any verification that there was any basis in the stock, the total sales price was considered the gain. Based on that information, * * * [respondent] is required to request a tax return and if no tax return is provided or information showing a tax return was not required, then * * *[respondent] would have no other choice than to consider that the sales price of the stock was the gain. The instructions state for tax year 1997 state [sic] you are not required to file a return but you are required under Internal Revenue Code Section 6001 to keep your records to show to * * * [respondent] that you are not required to file a return. The instructions do not state that since you do not need to file a return, that you do not need to keep records. Usually you should keep your records for 3 years after the due date of the tax return. So in the case of your 1997 tax return, you should have kept your records regarding that return until 4/15/01. The first contact by * * * [respondent] was a letter dated 8/2/99. Providing your records to the IRS, which would have shown that you were not required to file a return, would have resolved this case long ago.

However, in the interest of settling the case, Appeals Officer James E. VanGaasbeck offered to accept, without further substantiation, petitioner's statements in his letter of December 6, 1999, that his gross income for 1997 was $6,113.78. The

Appeals Officer prepared and sent petitioner a proposed stipulation decision document indicating no deficiency and no additions to tax for the 1997 taxable year.

Petitioner refused to execute this decision document, despite repeated requests by the Appeals Officer and respondent's counsel to do so. Respondent's counsel cited section 1.6001-1(d), Income Tax Regs., to petitioner. However, petitioner's refusal to execute the decision document stemmed from his desire that the record reflect that petitioner was not required to file a Federal income tax return for the 1997 taxable year.

This case was set for trial at a San Francisco, California, trial session scheduled to commence January 6, 2003. After a hearing, the Court entered on January 21, 2003, an Order and Decision in which we concluded that there was no deficiency and no additions to tax for the 1997 taxable year. The Court also stated in its Order and Decision: "Accordingly, the Court concludes that at the due date for filing the 1997 Federal income tax return, April 15, 1998, petitioner was not required to file a federal income tax return for the tax year 1997."

On February 13, 2003, petitioner filed a motion for award of litigation costs. Petitioner seeks an award of $92.77. Because of petitioner's motion, the Court vacated and set aside on February 13, 2003, the Order and Decision entered on January 21, 2003.

On April 15, 2003, respondent filed an objection to petitioner's motion for award of litigation costs. Respondent contends that petitioner is not the prevailing party within the meaning of section 7430(c)(4)(B)(i) because respondent's position was substantially justified. In addition, respondent contends that petitioner unreasonably protracted the proceedings.

Petitioner requests a hearing on the motion if respondent contests the motion. We, however, conclude that a hearing is not necessary. Rule 232(a)(2). Accordingly, we decide petitioner's motion on the basis of the motion with affidavits and respondent's objection with exhibits.

## Discussion

Subject to certain limitations, the prevailing party in any court proceeding may be awarded a judgment for reasonable litigation costs incurred in connection with such court proceeding. Sec. 7430(a)(2). The prevailing party must exhaust the administrative remedies available to it within the Internal Revenue Service, and the prevailing party must not have unreasonably protracted any portion of the administrative or court proceeding. See sec. 7430(b)(1), (3).

The term "prevailing party" means "any party * * * which (I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented". Sec.

7430(c)(4)(A)(i). And in the case of an individual taxpayer, the term also means any party which had a net worth that did not exceed $2,000,000 at the time the civil tax case proceeding was commenced. Sec. 7430(c)(4)(A)(ii) (referring to 28 U.S.C. sec. 2412(d)(1)(B) and (2)(B)). However, a party shall not be treated as the prevailing party if the Commissioner establishes that his position was substantially justified. Sec. 7430(c)(4)(B).

Respondent contends that petitioner is not the prevailing party within the meaning of section 7430(c)(4) because, while respondent conceded the case, his position was substantially justified.[2] The Commissioner's position is substantially justified if, based on all of the facts and circumstances and the legal precedents relating to the case, the Commissioner acted reasonably. Pierce v. Underwood, 487 U.S. 552 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). In other words, to be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact. Pierce v. Underwood, supra; Rickel v. Commissioner, 900 F.2d 655, 665 (3d Cir. 1990), affg. in part and revg. in part on other grounds 92 T.C. 510 (1989). A position is substantially justified if the position is "justified to a degree that could

---

[2] As discussed above, respondent also contends that petitioner unreasonably protracted the proceedings. As a result of our conclusion herein, we need not address respondent's additional contention.

satisfy a reasonable person".  Pierce v. Underwood, supra at 565 (construing similar language in the Equal Access to Justice Act, 28 U.S.C. sec. 2412 (1988)).  Thus, the Commissioner's position may be incorrect but nevertheless be substantially justified "'if a reasonable person could think it correct'".  Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997) (quoting Pierce v. Underwood, supra at 566 n.2).

The relevant inquiry is "whether * * * [the Commissioner] knew or should have known that * * * [his] position was invalid at the onset".  Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182.  We look to whether the Commissioner's position was reasonable, in light of and subject to the available facts and circumstances at the time that the Commissioner took his position.  Maggie Mgmt. Co. v. Commissioner, supra at 443; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

The fact that the Commissioner eventually concedes, or even loses, a case does not establish that his position was unreasonable.  Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Sokol v. Commissioner, 92 T.C. 760, 767 (1989).  However, the Commissioner's concession remains a factor to be considered.  Powers v. Commissioner, 100 T.C. 457, 471 (1993), affd. in part, revd. in part and remanded on another issue 43 F.3d 172 (5th Cir. 1995).

As relevant herein, the position of the United States that must be examined against the substantial justification standard with respect to the recovery of litigation costs is the position taken by the Commissioner in the answer to the petition. <u>Sher v. Commissioner</u>, 861 F.2d 131, 134-135 (5th Cir. 1988); see sec. 7430(c)(7)(A). In the present case, respondent did not file an answer after the petition was filed July 8, 2002,[3] but we note that respondent's position was the same until November 5, 2002, the date of respondent's Fresno Appeals Office letter to petitioner. More specifically, respondent's position was that petitioner was required to file a Federal income tax return for the 1997 taxable year because third-party payor information indicated petitioner received $17,685 from sales of stocks and bonds during that year.

Considering all the facts and circumstances, respondent did not know and could not have known that his position was invalid after the petition was filed. Respondent did not know what the original purchase prices were with respect to the stocks and bonds sold in 1997. He knew only that the petitioner realized $17,685 from the sale of such stocks and bonds. At no time did petitioner provide respondent with any information from which to verify his base in the stocks and bonds sold.

---

[3] Rule 175(b) provides generally that no answer is required where a petition is filed pursuant to sec. 7463.

Petitioner nevertheless contends that section 6012(a)(1)(A)(i) and the instructions for Form 1040 insulate him from having to file a tax return for 1997.[4]  Even if true, petitioner's contention does not account for section 6001, which provides in part:

> Whenever in the judgment of the Secretary it is necessary, he may require any person, by notice served upon such person or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title.

The term "make" as used in section 6001 encompasses the entire process of completing and filing the required return.  Aldrich v. Commissioner, T.C. Memo. 1993-290.  Respondent notified petitioner of section 6001 on numerous occasions, including but not limited to the letter dated November 5, 2002, from

---

[4]  Sec. 6012(a)(1)(A)(i) provides:

SEC. 6012(a). General Rule.--Returns with respect to income taxes * * * shall be made by * * *

   (1)(A)Every individual having for the taxable year gross income which equals or exceeds the exemption amount, except that a return shall not be required of an individual--

      (i)who is not married (determined by applying section 7703), is not a surviving spouse (as defined in section 2(a)), is not a head of household (as defined in section 2(b)), and for the taxable year has gross income of less than the sum of the exemption amount plus the basic standard deduction applicable to such an individual.

respondent's Fresno Appeals Office.[5]  In short, section 6001 provides respondent with a reasonable basis in law to require petitioner to file a tax return for 1997.

We hold that petitioner is not entitled to an award for litigation costs because respondent's position was substantially justified.  In so holding, we have carefully considered the remaining arguments made by the parties, and, to the extent not discussed above, we consider those arguments to be without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

In order to reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered.</u>

---

[5]  Respondent's letter dated Oct. 5, 2000, to petitioner did not make clear reference to sec. 6001.  However, the letter was consistent with respondent's other correspondence in informing petitioner that respondent did not know what the original purchase price was with respect to the stocks and bonds sold in 1997.