T.C. Memo. 2003-313

UNITED STATES TAX COURT

HUNG N. NGUYEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13563-01.          Filed November 12, 2003.

<u>Bruce E. Gardner</u>, for petitioner.

<u>Roger W. Bracken</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on petitioner's motion for an award of administrative and
litigation costs, filed pursuant to section 7430 and Rules 230
through 233.[1]  Petitioner seeks an award of $13,511 in respect of

---

[1]  All section references are to the Internal Revenue Code,
as amended; however, references to section 7430 are to such
                                        (continued...)

respondent's deficiency determination of $4,328.[2]

After concessions by respondent,[3] the issues for decision are as follows:

(1) Whether respondent's position in the administrative and court proceedings was substantially justified.

(2) Whether petitioner unreasonably protracted the administrative and court proceedings.

(3) Whether the administrative and litigation costs claimed by petitioner are reasonable.

Neither party requested an evidentiary hearing, and the Court concludes that such a hearing is not necessary for the proper disposition of petitioner's motion. See Rule 232(a)(2). We therefore decide the matter before us based on the record that has been developed to date.

Background

Petitioner resided in Hyattsville, Maryland, at the time that his petition was filed with the Court.

Petitioner timely filed a Federal income tax return for the

---

[1](...continued)
section in effect at the time that the petition was filed. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] All amounts have been rounded.

[3] Respondent concedes: (1) Petitioner substantially prevailed, see sec. 7430(c)(4)(A)(i); and (2) petitioner satisfies the applicable net worth requirement, see sec. 7430(c)(4)(A)(ii).

taxable year 2000.  On his return, petitioner listed his filing status as head of household, and he claimed dependency exemptions for two children (Lilly Phan and Anna Phan), the earned income credit, and the child tax credit.  Petitioner also claimed a refund of tax in the amount of $4,098.

Petitioner's 2000 return was selected for examination.  By letter dated April 6, 2001 (the examination letter), respondent proposed to:  (1) Change petitioner's filing status from head of household to single (and allow only the standard deduction for the latter filing status); and (2) disallow the two dependency exemptions, the earned income credit, and the child tax credit.  Concurrently, respondent requested specific information and documentation from petitioner to substantiate the filing status, dependency exemptions, earned income credit, and child tax credit as claimed on his return.

On April 22, 2001, petitioner responded to the examination letter by mailing various documents to respondent.  This material included a birth registration notice (not a birth certificate) for Lilly Phan, a birth certificate for Anna Phan, a Social Security card for each child, a purported lease, and a letter from Lamont Elementary School regarding Lilly Phan's enrollment. Neither of the birth records for the two children identified petitioner as their father.  After reviewing this material, respondent concluded that the information submitted was

insufficient to verify the items under examination.

In response to the documents provided by petitioner on April 22, 2001, a second letter was sent to petitioner advising him that additional information would be required.  Respondent enclosed with the letter a Form 866-A, Explanation of Items, and requested additional information.  Respondent indicated that petitioner was considered a foster parent because he was not identified as the father on the two birth records he provided.[4] As such, respondent specifically requested, in part, documents to verify that the two children lived with petitioner for the entire 2000 taxable year and that they were placed with petitioner by an authorized agency.

In response to respondent's second letter, petitioner provided respondent with a handwritten document which stated that petitioner was the "foster father" to the two children who resided in the same household as their mother and petitioner.

By a notice of deficiency dated September 18, 2001, respondent determined a deficiency in petitioner's Federal income tax for 2000 in the amount of $4,328.  The deficiency was attributable to the adjustments proposed in respondent's April 6, 2001, letter; i.e., change in petitioner's filing status from head of household to single (with a concomitant change in the

---

[4] During the administrative proceeding, petitioner had also indicated to respondent that he was in fact the foster father to the two children.

amount of the standard deduction) and disallowance of the two dependency exemptions, the earned income credit, and the child tax credit.

On October 20, 2001, petitioner retained his present counsel.

On December 3, 2001, petitioner filed a petition for redetermination with this Court. See sec. 6213(a). Petitioner placed the entire amount of the deficiency in dispute, assigning error to each of the adjustments made by respondent in the notice of deficiency. Petitioner alleged, among other things, that he was the natural father of the two claimed dependents.

On December 15, 2001, petitioner's counsel sent additional documentation to respondent. This included the same information previously sent by petitioner, as well as a copy of petitioner's 2000 tax return. Petitioner also provided an uncertified Affidavit of Parentage[5] for each child which indicated that he was their natural father. The uncertified affidavits were signed by petitioner and dated December 11, 2001. After reviewing the documentation provided by petitioner, respondent did not alter his position.

---

[5] The Affidavit of Parentage is a form provided by the State of Maryland. The Annotated Code of Maryland, Family Law Article, Sec. 5-1028, Affidavit of Parentage, provides, in part, that "An executed affidavit of parentage constitutes a legal finding of paternity, subject to the right of any signatory to rescind the affidavit in writing within 60 days after execution of the affidavit".

On February 4, 2002, respondent filed an answer. In the answer, respondent denied all of petitioner's assignments of error, including that petitioner was the natural father of the two claimed dependents.

On June 24, 2002, petitioner filed a motion for summary judgment on the ground that petitioner is the natural father of Lilly Phan and Anna Phan and that he is otherwise properly entitled to the head of household filing status and the claimed dependency exemptions, earned income credit, and child tax credit.

On August 20, 2002, respondent filed with the Court a notice of objection to petitioner's motion for summary judgment, together with a supporting memorandum. In the objection, respondent maintained that petitioner had failed to substantiate that he was entitled to the head of household filing status and to the claimed deductions and credits.

On August 23, 2002, respondent requested a certified copy from the Registrar of Vital Records for the State of Maryland of any documents filed by petitioner with respect to the paternity of Lilly Phan and Anna Phan.

On August 26, 2002, respondent received certified copies of the Affidavits of Parentage and birth certificates from the State

of Maryland for both Lilly Phan and Anna Phan.[6]

A hearing was held on petitioner's motion for summary judgment on August 28, 2002.

Following the hearing with this Court, respondent forwarded the certified copies of the Affidavits of Parentage and birth certificates to the assigned Appeals officer.  After receiving these documents, respondent settled the case within 2 weeks.

On October 23, 2002, petitioner filed his motion for an award of costs.  On January 22, 2003, respondent filed an objection to petitioner's motion for an award of costs.  Thereafter, on March 14, 2003, petitioner filed a reply, and on April 21, 2003, respondent filed a response.

Discussion

We apply section 7430 as amended by Congress in the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3101, 112 Stat. 727.[7]

---

[6] The certified copies of the Affidavits of Parentage are signed by the State Registrar of Vital Records with the following declaration: "I HEREBY CERTIFY THAT THE ATTACHED IS A TRUE COPY OF A RECORD ON FILE IN THE DIVISION OF VITAL RECORDS".  The certified copies of the affidavits are stamped "VALID ONLY WITH IMPRESSED SEAL".

[7] Sec. 7430 was amended most recently by Congress in the Community Renewal Tax Relief Act of 2000 (CRTRA), Pub. L. 106-554, sec. 319(25), 114 Stat. 2763A-647.  The amendment, which is effective on the date of enactment of CRTRA (Dec. 21, 2000), affects only sec. 7430(c)(3) and is purely clerical in nature.

A.  Requirements for a Judgment Under Section 7430

Under section 7430(a), a judgment for administrative costs incurred in connection with an administrative proceeding may be awarded under section 7430(a) only if a taxpayer:  (1) Is the prevailing party; and (2) did not unreasonably protract the administrative proceeding.  Sec. 7430(a) and (b)(3).  Similarly, a judgment for litigation costs incurred in connection with a court proceeding may be awarded only if a taxpayer:  (1) Is the prevailing party; (2) has exhausted his or her administrative remedies within the IRS; and (3) did not unreasonably protract the court proceeding.  Sec. 7430(a) and (b)(1), (3).

A taxpayer must satisfy each of the respective requirements in order to be entitled to an award of administrative or litigation costs under section 7430.  Rule 232(e).  Upon satisfaction of these requirements, a taxpayer may be entitled to reasonable costs incurred in connection with the administrative or court proceeding.  See sec. 7430(a)(1) and (2), (c)(1), and (2).

To be a "prevailing party", the taxpayer must:  (1) Substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented; and (2) satisfy the applicable net worth requirement. Sec. 7430(c)(4)(A).  Respondent concedes that petitioner has satisfied the requirements of section 7430(c)(4)(A).  Petitioner

will nevertheless fail to qualify as the prevailing party if respondent can establish that respondent's position in the administrative and court proceedings was substantially justified. Sec. 7430(c)(4)(B)(i).

B. Substantial Justification

The Commissioner's position is substantially justified if, based on all of the facts and circumstances and the legal precedents relating to the case, the Commissioner acted reasonably. Pierce v. Underwood, 487 U.S. 552 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). In other words, to be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact. Pierce v. Underwood, supra; Rickel v. Commissioner, 900 F.2d 655, 665 (3d Cir. 1990), affg. in part and revg. in part on other grounds 92 T.C. 510 (1989). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person". Pierce v. Underwood, supra at 565 (construing similar language in the Equal Access to Justice Act). Thus, the Commissioner's position may be incorrect but nevertheless be substantially justified "'if a reasonable person could think it correct'". Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997) (quoting Pierce v. Underwood, supra at 566 n.2).

The relevant inquiry is "whether * * * [the Commissioner]

knew or should have known that * * * [his] position was invalid at the onset". Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182. We look to whether the Commissioner's position was reasonable given the available facts and circumstances at the time that the Commissioner took his position. Maggie Mgmt. Co. v. Commissioner, supra at 443; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

The fact that the Commissioner eventually concedes, or even loses, a case does not establish that his position was unreasonable. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Sokol v. Commissioner, 92 T.C. 760, 767 (1989). However, the Commissioner's concession does remain a factor to be considered. Powers v. Commissioner, 100 T.C. 457, 471 (1993), affd. in part, revd. in part and remanded on another issue 43 F.3d 172 (5th Cir. 1995).

As relevant herein, the position of the United States that must be examined against the substantial justification standard with respect to the recovery of administrative costs is the position taken by the Commissioner as of the date of the notice of deficiency. Sec. 7430(c)(7)(B)(ii). The position of the United States that must be examined against the substantial justification standard with respect to the recovery of litigation costs is the position taken by the Commissioner in the answer to the petition. Bertolino v. Commissioner, 930 F.2d 759, 761 (9th

Cir. 1991), affg. an unpublished decision of this Court; Sher v. Commissioner, supra at 134-135; see sec. 7430(c)(7)(A). Ordinarily, we consider the reasonableness of each of these positions separately in order to allow the Commissioner to change his position. Maggie Mgmt. Co. v. Commissioner, supra at 442 (citing Huffman v. Commissioner, 978 F.2d 1139, 1144-1147 (9th Cir. 1992), affg. in part and revg. in part on another ground T.C. Memo. 1991-144). In the present case, however, we need not follow this approach because respondent's position was essentially the same in the administrative and court proceedings. See Maggie Mgmt. Co. v. Commissioner, supra at 442. More specifically, respondent's position was that petitioner had failed to substantiate his entitlement to head of household filing status (and the standard deduction for that filing status) and dependency exemption deductions, earned income credit, and child tax credit in respect of his children.

Deductions and credits are matters of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Segel v. Commissioner, 89 T.C. 816, 842 (1987). The same may be said of a tax-favored filing status such as head of household. See D'Anjou v. Commissioner, T.C. Memo. 1992-138. Taxpayers are required to substantiate the deductions and credits that they claim by maintaining records necessary to establish both the taxpayers' entitlement to such items and the proper amount

thereof.  Sec. 6001; <u>Meneguzzo v. Commissioner</u>, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.; see Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933); <u>Segel v. Commissioner</u>, <u>supra</u>; <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); <u>Goertler v. Commissioner</u>, T.C. Memo. 2003-136 (Commissioner's position was substantially justified as taxpayers had failed to substantiate deductions for personal exemptions); see also sec. 7491(a)(2)(A) and (B).  A taxpayer's self-serving declaration is no ironclad substitute for the records that the law requires.  See <u>Weiss v. Commissioner</u>, T.C. Memo. 1999-17; see also <u>Seaboard Commercial Corp. v. Commissioner</u>, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the deduction or exclusion claimed by the taxpayer); <u>Halle v. Commissioner</u>, 7 T.C. 245, 247 (1946) (a taxpayer's return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

Factual determinations are required in order to decide whether a taxpayer is entitled to:  (1) Head of household filing status, see sec. 2(b); (2) a dependency exemption deduction, see secs. 151 and 152; (3) an earned income credit, see sec. 32; or (4) a child tax credit, see sec. 24.  We have held that whenever the resolution of adjustments requires factual determinations,

the Commissioner is not obliged to concede those adjustments until the Commissioner has received, and has had a reasonable period of time to verify, adequate substantiation for the matters in question. See Huynh v. Commissioner, T.C. Memo. 2002-110; Gealer v. Commissioner, T.C. Memo. 2001-180 (and cases cited therein); O'Bryon v. Commissioner, T.C. Memo. 2000-379 (and cases cited therein); Cooper v. Commissioner, T.C. Memo. 1999-6.

Based on the facts available to respondent at the time the notice of deficiency was issued and the answer was filed, as well as long-standing legal precedent regarding the availability of tax deductions and credits, respondent's position had a reasonable basis in both law and fact and therefore was substantially justified. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 443. When respondent filed his answer, he had not received documentation sufficient to substantiate petitioner's head of household filing status, dependency deductions, and credits.

Petitioner contends that it was unreasonable for respondent to require adequate substantiation for the adjustments in issue because (so petitioner alleges) sufficient substantiation had been previously provided. However, none of the information provided by petitioner prior to the issuance of the notice of deficiency identified petitioner as the natural father of the two children. For instance, the birth records petitioner provided

did not indicate the father of the two children.  The Social Security cards, lease, and elementary school letter likewise failed to offer any indication that petitioner was the children's natural father.  Additionally, the Affidavits of Parentage provided by petitioner after filing his petition and prior to respondent's answer were uncertified and offered no indication that they had been filed by petitioner with the State of Maryland.  Thus, at the time that respondent filed his answer, the uncertified affidavits provided by petitioner were nothing more than self-serving assertions.  Petitioner's 1999 return was also merely a self-serving declaration.  Therefore, the documents provided by petitioner, while helpful, did not overcome respondent's position.[8]

We note further that when respondent finally received certified affidavits and birth certificates that identified

---

[8]  See, e.g., sec. 2(b)(1)(A) (an unmarried taxpayer will qualify for head of household status if, among other requirements, he maintains as his home a household that is the principal place of abode of a daughter for more than one-half of the taxable year); sec. 24(c)(1) (a qualifying child for the purpose of the child tax credit includes an individual who is, among other requirements, the taxpayer's daughter or an eligible foster child); sec. 32(c)(3)(B) (a qualifying child for purposes of the earned income credit includes an individual who is, among other requirements, the taxpayer's daughter or an eligible foster child); sec. 152(a)(1), (a)(9), (b)(2) (a dependent for purposes of claiming a dependency exemption deduction includes an individual who is, among other requirements, the taxpayer's daughter, an individual who has as his principal place of abode the taxpayer's home and is a member of the taxpayer's household, or the taxpayer's foster child).

petitioner as the natural father of Lilly Phan and Anna Phan, the documentation was considered by respondent's Appeals Office and a basis of settlement was reached within 2 weeks thereafter.

In view of the foregoing, we hold that respondent's position in the administrative and court proceedings was substantially justified.  In so holding, we have considered other arguments made by petitioner for a contrary result and found those arguments to be without merit.

C.  Remaining Requirements of Section 7430

Because respondent's position in the administrative and court proceedings was substantially justified, we need not decide whether petitioner exhausted his administrative remedies, whether petitioner unreasonably protracted the proceedings, or whether the administrative and litigation costs claimed by petitioner are reasonable in amount.

D.  Conclusion

In conclusion, we hold that petitioner is not entitled to an award of administrative and litigation costs.

In order to reflect the foregoing,

An appropriate order and decision will be entered.