T.C. Memo. 2013-15


UNITED STATES TAX COURT


KAREN COOLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27563-10.                          Filed January 15, 2013.


<u>Joe Alfred Izen, Jr.</u>, for petitioner.

<u>Susan M. Fenner</u>, for respondent.


MEMORANDUM OPINION


KROUPA, <u>Judge</u>:  This case is before the Court on petitioner's motion for

litigation costs and expenses under section 7430.[1]  We are asked to decide whether

_____

    [1]All section references are to the Internal Revenue Code as amended and all
Rule references are to the Tax Court Rules of Practice and Procedure, unless
otherwise indicated.

[*2] respondent's administrative and litigation positions were substantially justified. We hold that they were.

Background

We summarize the factual and procedural background to rule on the motion. Petitioner resided in Texas when she filed the petition.

In 1991 petitioner married Joe Alfred Izen, Jr. (who is also petitioner's counsel of record in this case). Texas was a community property state at all relevant times. The couple entered into a partition agreement in 1992, which they recorded in Harris County, Texas. They agreed that any income earned would be the separate property of the spouse earning the income.

In 2006 petitioner and Mr. Izen each had earned income. Petitioner filed an individual income tax return for 2006 claiming married filing separately status. Petitioner reported her income only.

Respondent examined petitioner's tax return for 2006. Respondent concluded that petitioner had failed to report half of her husband's income for 2006. Respondent increased petitioner's taxable income by that amount.

Mr. Izen represented petitioner during the examination. Petitioner argued there was no community property for 2006 because the couple had entered into the partition agreement. Petitioner told the revenue agent to examine public records to

**[*3]** confirm the partition agreement's existence.  Petitioner never produced, however, a copy of the partition agreement to respondent during the examination.

Respondent later issued petitioner a deficiency notice, determining a deficiency and imposing an accuracy-related penalty.  Petitioner timely filed a petition with this Court.  Petitioner asserted in the petition that the couple had entered into the partition agreement.

Respondent requested additional time to answer the petition to obtain the partition agreement from petitioner.  On the very same day petitioner's counsel sent the partition agreement to respondent by facsimile.  Respondent conceded the deficiency determination in his answer.

Petitioner thereafter filed a motion for litigation costs and expenses.  Petitioner's purported costs were primarily incurred during the administrative proceeding.  Accordingly, we interpret it as a motion for administrative costs as well as litigation costs.  Respondent opposes the motion.

<u>Discussion</u>

We now address whether petitioner is entitled to an award for costs.  Petitioner argues that we should award costs because respondent's positions were unsupported by fact or law.  Petitioner contends respondent "ignored" the partition agreement's effect until after she filed the petition.  Respondent asserts that his

**[*4]** administrative position was substantially justified because petitioner failed to provide the partition agreement to support her assertion. He also contends that his litigation position was substantially justified because he conceded the issue in his answer. We agree with respondent.

## I. Requirements for an Award of Costs

We now turn to the requirements for an award of costs under section 7430. A taxpayer who is a "prevailing party" in any administrative or court proceeding brought by or against the United States to recover reasonable costs incurred by him or her in connection with such proceedings may recover reasonable administrative and litigation costs. See sec. 7430(a)(1) and (2). The taxpayer is the prevailing party when (1) he or she substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues, (2) his or her net worth does not exceed certain limits and (3) the Commissioner's position in the proceeding was not substantially justified. Sec. 7430(c)(4).

The taxpayer generally has the burden of demonstrating he or she meets the requirements of section 7430. Rule 232(e). The Commissioner has the burden, however, of proving that his position was substantially justified. Id.

We will decide petitioner's motion on the basis of the parties' filings and attached exhibits. See Rule 232(a)(2).

**[\*5]** II.  <u>Whether Respondent's Position Was Substantially Justified</u>

Respondent does not dispute that petitioner substantially prevailed with respect to the amount in controversy or that she satisfied the net worth requirement. We need to evaluate only whether respondent's positions were substantially justified.  <u>See</u> sec. 7430(c)(4)(B).  We consider respondent's position first in the administrative proceeding and then in the court proceeding.  Sec. 7430(c)(7)(A) and (B); <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. 430, 442 (1997).  Here, respondent asserted his administrative position in the deficiency notice.  <u>See</u> sec. 7430(c)(7)(B).  He then advanced a different position in the court proceeding in his answer.  <u>See</u> <u>Corson v. Commissioner</u>, 123 T.C. 202, 206 (2004); <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. at 442.

Respondent's positions are substantially justified if they have a reasonable basis in both law and fact.  <u>See</u> <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. at 443.  The Commissioner's concession does not necessarily establish that his position was unreasonable.  <u>See</u> <u>Estate of Perry v. Commissioner</u>, 931 F.2d 1044, 1046 (5th Cir. 1991).  We evaluate the facts available to the Commissioner and relevant legal precedents that formed the basis for the positions.  <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. at 443 (citing <u>Nalle v. Commissioner</u>, 55 F.3d 189, 191-192 (5th Cir. 1995), <u>aff'g</u> T.C. Memo. 1994-182, and <u>DeVenney v.</u>

**[\*6]** <u>Commissioner</u>, 85 T.C. 927, 930 (1985)). We consider whether the taxpayer provided all relevant available information and legal arguments before the Commissioner asserted his position. <u>Corson v. Commissioner</u>, 123 T.C. at 206-207 (citing section 301.7430-5(c)(1), Proced. & Admin. Regs.). The Court of Appeals for the Fifth Circuit has held that the Commissioner's position was not substantially justified when a taxpayer timely provided significant evidence to the Commissioner that demonstrated his factual conclusions were incorrect. <u>See</u> <u>Bouterie v. Commissioner</u>, 36 F.3d 1361, 1368-1369 (5th Cir. 1994), <u>rev'g</u> T.C. Memo. 1993-510.

Petitioner argues that respondent's administrative position was unreasonable because respondent did not follow the "lead" petitioner provided to search public records for the partition agreement. Respondent counters that his administrative position was reasonable because petitioner did not rebut the community property presumption by providing the agreement. We agree with respondent.

Respondent asserted in the deficiency notice his administrative position that petitioner was obligated to report half of her husband's income for 2006. Married individuals domiciled in a community property state who do not elect to file a joint Federal income tax return generally must report half of the total community

**[\*7]** income earned.  <u>United States v. Mitchell</u>, 403 U.S. 190, 196-197 (1971); sec. 1.66-1(a), Income Tax Regs.

It is undisputed that petitioner and Mr. Izen were married and lived in a community property jurisdiction.  Petitioner never provided the partition agreement during the administrative proceeding to rebut the community property presumption.  Nor has she explained why she did not provide it to respondent.  We find that petitioner failed to provide all relevant evidence to corroborate her assertion.[2]  Petitioner's conduct in this matter shows a pattern of not providing all relevant information in a timely manner.  <u>See</u> <u>Cooley v. Commissioner</u>, T.C. Memo. 2012-164, 2012 WL 2094302, at *7 ("Ms. Cooley's slow reveal of * * * [documentation] is a textbook example of not presenting all relevant information

---

[2]We have found the Commissioner's position to be substantially justified when he has reviewed public records.  <u>See</u> <u>Estate of Spear v. Commissioner</u>, T.C. Memo. 1997-366, <u>aff'd without published opinion</u>, 178 F.3d 1280 (3d Cir. 1999). We do not find that he acted unreasonably in this circumstance, however, by not searching public records.  Here the factual record supported the presumption that Ms. Cooley had community income in 2006.

**[\*8]** under her control.").[3]  We hold that respondent's administrative position had a reasonable basis in fact and law.

We also consider whether respondent's position in the judicial proceeding was substantially justified.  Petitioner advanced the same factual assertion in her petition.  Respondent requested more time to answer so that he could obtain the partition agreement from petitioner.  Petitioner provided the partition agreement to respondent at that time.  Respondent determined that petitioner's assertion was factually supported and conceded the issue in his answer.  Respondent's litigation position asserted in his answer was legally and factually supported.

---

[3]Ms. Cooley filed a petition in an earlier case at docket No. 8639-09L.  And Mr. Izen also was counsel of record.  In that case, the Commissioner determined that Ms. Cooley had underpaid her tax and intended to levy upon her property.  Ms. Cooley asserted that she had paid her tax liability.  She did not provide all relevant documentation to substantiate that assertion, however, during the administrative process.  The document substantiating her position was provided at the Branerton conference after she filed a petition with this Court.  See Branerton Corp. v. Commissioner, 61 T.C. 691 (1974).  The Commissioner conceded the issue at that point.

Ms. Cooley moved for approximately $30,000 in costs.  We ultimately denied the motion.  See Cooley v. Commissioner, T.C. Memo. 2012-164.  We held that the Commissioner had demonstrated that his position was substantially justified because Ms. Cooley had not provided all relevant documentation.  We also concluded that Ms. Cooley had not demonstrated that she actually incurred those costs.  While we do not fully address that issue here, we would reach the same conclusion.

**[*9]**   We conclude that respondent's administrative and judicial positions were substantially justified.  Accordingly, petitioner is not entitled to an award of costs under section 7430.

We have considered all remaining arguments the parties made and, to the extent not addressed, we find them to be irrelevant, moot or meritless.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.